580 So.2d 430 (1991)
Jacqueline SAMPSON, Plaintiff/Respondent,
v.
WENDY'S MANAGEMENT, INC., Defendant/Applicant.
No. 22863-CW.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1991.
Writ Granted September 6, 1991.
A.W. Block, Monroe, for plaintiff/respondent.
Hudson, Potts & Bernstein by Robert M. Baldwin, Monroe, for defendant/applicant.
Before MARVIN, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiff, Jacqueline Sampson, filed suit in the Fourth Judicial District Court against the defendant, Wendy's Management Incorporated, claiming the defendant discharged her from employment in retaliation for filing a worker's compensation claim. The defendant filed exceptions of lack of subject matter jurisdiction and prematurity, arguing that the claim should have been filed with the Office of Worker's Compensation rather than in district court. The district court overruled the exceptions and the defendant filed an application for supervisory writs with this court. The writ application was granted and the parties were ordered to brief the issues raised. For the following reasons, we reverse the trial court judgment.

FACTS
The plaintiff was employed at one of the defendant's restaurants in West Monroe, Louisiana. She claims that on August 16, 1989, she injured her left wrist while exiting a refrigerator located on the restaurant premises.[1]
This injury required treatment. Surgery was performed by Dr. Myron Bailey in mid-December, 1989. The record indicates that the plaintiff was released to return to work on March 5, 1990. During her recuperative *431 period, the plaintiff applied for and received worker's compensation benefits from the defendant. However, the plaintiff claims she was given a separation notice by the defendant on December 18, 1989. At some point thereafter, plaintiff's employment with the defendant was terminated.
The plaintiff filed suit in district court on July 24, 1990, alleging that the defendant unlawfully discharged her in violation of LSA-R.S. 23:1361, which prohibits the discharge of employees in retaliation for filing worker's compensation claims.
On September 13, 1990, the defendant filed exceptions of prematurity and lack of subject matter jurisdiction, essentially contending that the plaintiff's suit should not have been filed in district court. The defendant asserted that pursuant to new legislation, LSA-R.S. 23:1310.3, the Office of Worker's Compensation had exclusive original jurisdiction over worker's compensation matters. The district court overruled the defendant's exceptions, finding that an action brought for retaliatory discharge was a claim for "civil penalties" and not a suit for worker's compensation or benefits. Therefore, the district court ruled that it had jurisdiction over the matter.
Following the district court's ruling, the defendant applied for writs. On February 7, 1991, this court granted the defendant's writ application. The parties were instructed to brief the issue of whether an action under LSA-R.S. 23:1361, seeking penalties for retaliatory discharge, is a "worker's compensation matter" and, if it is, whether the amendment to La. Const. of 1974, art. V, § 16 operates retroactively to ratify LSA-R.S. 23:1310.3 which granted exclusive original jurisdiction over worker's compensation matters to the state Office of Worker's Compensation.

NATURE OF THE SUIT FOR RETALIATORY DISCHARGE
The plaintiff filed suit seeking penalties for an alleged retaliatory discharge pursuant to LSA-R.S. 23:1361, which provides:
A. No person, firm or corporation shall refuse to employ any applicant for employment because of such applicant having asserted a claim for worker's compensation benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Section shall require a person to employ an applicant who does not meet the qualifications of the position sought.
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with a reasonable attorney's fee.
The defendant contends that because the plaintiff's suit for retaliatory discharge is in the nature of a worker's compensation claim filed pursuant to the Worker's Compensation Act, jurisdiction over the subject matter of this case lies with the Office of Worker's Compensation pursuant to LSA-R.S. 23:1310.3. That statute provides, in pertinent part:
A.(1) All claims for any compensation or benefits under the Worker's Compensation Act shall be commenced with the filing of a notice of injury with the director....
(4) The hearing officer shall be vested with original exclusive jurisdiction over all claims filed pursuant to the Worker's *432 Compensation Act. [Emphasis supplied]
The legislative grant of original exclusive jurisdiction to the Office of Worker's Compensation is a relatively recent occurrence. LSA-R.S. 23:1310.3 makes clear that the Office of Worker's Compensation now has jurisdiction over all claims filed pursuant to the Worker's Compensation Act. The question in the present case is whether a suit for penalties for retaliatory discharge constitutes a claim for "compensation and benefits," and whether this is a claim "filed pursuant to the Worker's Compensation Act".
The plaintiff argues that her suit for penalties arising from an alleged retaliatory discharge is not a suit for worker's compensation or benefits. The plaintiff contends that this is a suit for "civil penalties" and therefore is not subject to the original jurisdiction of the Office of Worker's Compensation. In support of this argument, the plaintiff cites Fontenot v. R. LeJuene Machine Shop and Ironworks, Inc., 534 So.2d 429 (La.1988). In Fontenot, the Louisiana Supreme Court ruled that a suit for retaliatory discharge under LSA-R.S. 23:1361 did not fall under the prohibition against jury trials for worker's compensation claims contained in LSA-C.C.P. Art. 1732.[2] However the Louisiana Supreme Court made this declaration in a per curiam writ grant. No reasoning was set forth for the court's decision. Therefore, this case offers little guidance in deciding the issues in the present case.
Also, at the time of the decision in Fontenot, supra, the new statute, LSA-R.S. 23:1310.3, which grants jurisdiction to the Office of Worker's Compensation over all claims filed "pursuant to the Worker's Compensation Act," had not yet been enacted. Therefore, in light of the new legislative scheme enacted subsequent to Fontenot, supra, that decision is not dispositive of the issues presented in the present case.
Guidance on the issues presented in this case may be found in scholarly articles which address the issue of whether the retaliatory discharge provision in the Worker's Compensation Act ought to be treated differently from other provisions of that act. See W. Malone and A. Johnson, Workers' Compensation Law and Practice § 362.5 in 14 Louisiana Civil Law Treatise (2d ed. 1980); Johnson, Worker's Compensation Recent Developments, 47 La.L.Rev. 521 (1987).
In those articles it was stated:
The retaliatory discharge section is nothing other than a way to be sure that the employee receives the benefits to which the law entitles him, without retribution. It is thus part and parcel of the Compensation Act and should not be divorced from it. [Emphasis supplied]
Although the authors of the above quoted article were dealing with the issue of whether a suit for retaliatory discharge should be included in worker's compensation insurance coverage, the same reasoning is applicable in the present case.[3]
LSA-R.S. 23:1361 is a part of the Worker's Compensation Act and although not contained in the benefits section, it is contained in the section dealing with the administration of such claims. A suit authorized by the Worker's Compensation Act for retaliatory discharge ought logically to follow all of the other rules and procedures applicable to worker's compensation claims. We perceive no legislative intent to separate this particular sanction and the methods for its enforcement from the remainder of the Worker's Compensation Act, nor can we determine any compelling reason for doing so.
In addition, as stated above, LSA-R.S. 23:1310.3 now gives the Office of Worker's Compensation jurisdiction over all claims filed pursuant to the Worker's Compensation Act. A claim for retaliatory discharge, contained in the Worker's Compensation *433 Act, is logically included in this jurisdictional grant. Therefore, we are persuaded that a claim to enforce the penalty contained in LSA-R.S. 23:1361 is a worker's compensation proceeding.

RETROACTIVITY OF CONSTITUTIONAL AMENDMENT
LSA-R.S. 23:1310.3, conferring original exclusive jurisdiction upon the Office of Worker's Compensation, was made effective on January 1, 1990, by Acts of 1989, No. 260. However, Moore v. Roemer, 560 So.2d 927 (La.App. 1st Cir.1990), affirmed 567 So.2d 75 (La.1990), declared this statute to be contrary to La. Const. of 1974, art. V, § 16 which provided that district courts were vested with original jurisdiction of all civil and criminal matters. To remedy this unconstitutionality, La. Const. of 1974, art. V, § 16 was amended, effective November 7, 1990, to provide as follows:
(A)(1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. [Emphasis supplied]
1990 La. Acts, No. 1098, § 3, which specified the manner of placing on the ballot the proposition to amend La. Const. of 1974, art. V, § 16, specified that the amendment was to provide for the trial of worker's compensation cases by administrative hearing officers, rather than the district court, that appeals from administrative agency decisions on worker's compensation cases shall be heard by the courts of appeal "and to validate such processes already in operation pursuant to law."
Plebst v. Barnwell Drilling Company, 243 La. 874, 148 So.2d 584 (1963), dealt with the issue of whether a constitutional amendment ratifies an otherwise unconstitutional statute. That opinion observed that the law is well established that an unconstitutional statute is not validated by a subsequent constitutional amendment which does not ratify and confirm the statute but merely authorizes the enactment of such a statute. The opinion also noted that, on the other hand, it is equally well settled that statutes, in conflict with the constitution at the time they are passed, are validated by a constitutional amendment which expressly ratifies and confirms them. In such cases, the statutes may be given retrospective effect provided that such validation does not impair the obligations of a contract or divest vested rights.
In the present case, the language of the amendment evinces a clear intent to ratify the previously enacted unconstitutional statute. See Peck v. Tugwell, 199 La. 125, 5 So.2d 524 (1941). The only prohibition to allowing the constitutional amendment to ratify the previously unconstitutional statute would be if contractual rights would be affected or vested rights would be divested. Fontenot v. Young, 128 La. 20, 54 So. 408 (1911). The provision in this case is procedural in nature, and does not affect contractual obligations or divest vested rights. Therefore, we conclude that the amendment to La. Const. of 1974, art. V, § 16, ratified LSA-R.S. 23:1310.3 and cured its constitutional defect.
The wording in the constitutional amendment itself and in 1990 La. Acts, No. 1098, which specified the purpose of the amendment, shows that the constitutional amendment was intended to retroactively ratify LSA-R.S. 23:1310.3. Therefore, the effective date of that statute, conferring jurisdiction of worker's compensation matters upon the Office of Worker's Compensation, was January 1, 1990, a date prior to the filing of the instant suit. Therefore the district court lacks subject matter jurisdiction over this case and the defendant's exception of lack of subject matter jurisdiction must be granted.
The defendant also filed an exception of prematurity in the district court claiming that the plaintiff had failed to initially file her claim with the Office of Worker's Compensation as required by LSA-R.S. 23:1310. Under the old statutory scheme, worker's compensation claims were filed with the *434 Office of Worker's Compensation and if an adverse decision was rendered, a party could then seek recourse in the district court. Under the newly enacted scheme for the administration of worker's compensation claims, exclusive original jurisdiction is granted to the Office of Worker's Compensation over all claims pursuant to the Worker's Compensation Act. Appeals go directly to the Courts of Appeal. Therefore, all such claims must necessarily be filed with the Office of Worker's Compensation. Because we find that the district court lacked subject matter jurisdiction, the issue of prematurity of filing the claim in district court is rendered moot.

CONCLUSION
For the reasons stated above, we reverse the trial court judgment denying the defendant's exception of lack of subject matter jurisdiction. We find that the original exclusive jurisdiction over this case is vested with the Office of Worker's Compensation. Therefore, the plaintiff's suit, filed in the district court, is dismissed, without prejudice.
REVERSED, AT PLAINTIFF'S COST.
NOTES
[1] This brief statement of the events leading to the filing of this law suit is based upon the filings in the record and is not intended to be a definitive finding of the facts in this case.
[2] LSA-C.C.P. Art. 1732 provides in pertinent part:

A jury trial shall not be available in:
(3) A ... worker's compensation ... proceeding. [Emphasis supplied]
[3] See contra Vallier v. Oilfield Construction Co., 483 So.2d 212 (La.App. 3d Cir.1986), writ denied 486 So.2d 734 (La.1986).