GUIDRY, Judge.
Plaintiff, David Bruce, appeals a judgment of the trial court granting a motion for summary judgment, filed by defendants, Ampa-cet Corporation (Ampacet) and Cecil Thompson, the Ampacet plant manager, dismissing his suit for damages for alleged wrongful termination. We reverse and remand.
On October 29, 1992, plaintiff, David Bruce, filed the instant suit claiming that he was fired in retaliation for one or both of the following: (1) filing a complaint against Am-pacet, his employer, with OSHA concerning unsafe and/or unhealthy conditions on the job; and/or (2) filing two claims for worker’s compensation, a practice prohibited under La.R.S. 23:1361.
Defendants answered the suit denying that plaintiff was wrongfully discharged. Thereafter, on February 18, 1993, defendants filed a motion for summary judgment in which they challenged both Bruce’s right to pursue a private cause of action under the Occupational Safety and Health Act and his right to proceed in district court with an action for retaliatory or discriminatory discharge under La.R.S. 23:1361. Appellees supported this motion with the affidavit of Cecil Thompson who stated that Bruce was terminated for falsifying the date of an accident he allegedly suffered on the job, a violation of the plant’s general rule 8.
Plaintiff filed no countervailing affidavits and counsel did not appear at the hearing on the motion until after judgment was granted to defendants. The trial judge, in granting judgment for the movers, stated that he relied on the law as set out in mover’s memorandum. The memorandum stated that the Occupational Safety and Health Act does not create a private cause of action in favor of an employee against his employer for damages sustained because of reporting of alleged OSHA violations. Appellant admits this on appeal. However, the trial judge relied on an incorrect statement of the law as to the trial court’s jurisdiction with respect to Bruce’s allegation that he was wrongfully terminated in violation of La.R.S. 23:1361. The authority relied upon by the trial court, Sampson v. Wendy’s Management, Inc., 580 So.2d 430 (La.App. 2d Cir.1991), holds that a claim for wrongful termination brought under La.R.S. 23:1361 is a worker’s compensation claim and, pursuant to La.R.S. 23:1310.3, jurisdiction of all claims filed pursuant to the Worker’s Compensation Act fall within the exclusive, original jurisdiction of the OWC. However, writs were taken and granted in the Sampson case (584 So.2d 662) and on January 17, 1992, the Louisiana Supreme Court issued two judgments on cases which were heard together: Sampson v. Wendy’s Management, Inc., 593 So.2d 336 (La.1992), and Maquar v. Transit Management, 593 So.2d 365 (La.1992). In Maquar, supra, at 366, the court stated:
This case was consolidated with Sampson v. Wendy’s Management, Inc., 593 *1353 So.2d 336 (La.1991), for purposes of oral argument because both cases involve the issue of the nature of an action for retaliatory or discriminatory discharge under LSA-R.S. 23:1361 and whether jurisdiction of such a claim is vested in the district court or in OWCA. In Sampson, rendered today, we hold that a discriminatory discharge action is not a worker’s compensation matter nor a claim for worker’s compensation benefits and ancillary penalties, but is a delictual employment law matter, jurisdiction of which is vested in the district court. This decision is consistent with the prior per curiam decision of this court in Fontenot, which held that a discriminatory discharge claim is not a worker’s compensation proceeding for which a jury trial is precluded under LSA-C.C.P. Art. 1732.
The trial court granted defendants’ motion for summary judgment based upon an erroneous conclusion of law.[1]
In Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991), rehearing denied, our Supreme Court reviewed the law and jurisprudence governing appellate review in summary judgment eases stating:
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 714 (5th Cir.1985); McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir.1983); Wright, Miller & Kane, Federal Practice and Procedure, § 2716, at 125 (Supp.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp., supra; see also United States v. Diebold, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Thornbrough v. Columbus and Greenville R. Co., 760 F.2d 633, 640 (5th Cir.1985). The party who defended against the motion for summary judgment must have his properly filed allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the movant. Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074,48 L.Ed.2d 684 (1976); Thornbrough, supra; Wright, Miller & Kane, supra.
There are genuine issues of fact concerning whether plaintiff suffered a work-related injury; whether he filed a claim with the OWC; and, if so, whether he was discharged in retaliation therefor. Further, summary judgment is not appropriate in cases which turn on questions of subjective fact such as motive, intent, malice, good faith and/or knowledge. See Fontenot v. Aetna Insurance Company, 225 So.2d 648 (La.App. 3rd Cir.1969). It is well settled that the likelihood a party will prevail on the merits does not constitute a basis for the rendition of summary judgment.
The record reflects the existence of genuine issues of material fact which precludes summary judgment.
For the reasons stated, the judgment of the trial court is reversed and this matter is remanded for further proceedings. All costs of this appeal are assessed to defendants-appellees, Ampacet Corporation and Cecil Thompson.
REVERSED AND REMANDED.

. Since we reverse the grant of summary judgment, we will not consider or discuss the correctness of questioning the trial court's jurisdiction by motion for summary judgment.