682 So.2d 851 (1996)
Bobby CLAIBORNE, PlaintiffAppellant,
v.
CONAGRA, INC., DefendantAppellee.
No. 96-482.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1996.
*852 James Earl Calhoun, for Bobby Claiborne.
Steven D. Crews, Natchitoches, for Conagra, Inc.
Before SAUNDERS, SULLIVAN and GREMILLION, JJ.
SAUNDERS, Judge.
Plaintiff, Bobby Claiborne, appeals from a summary judgment granted in favor of the defendant, Conagra Broiler Company (Conagra), dismissing his suit for wrongful termination. We conclude that, under applicable standards of appellate review, genuine issues of material fact remain. Consequently, we reverse and remand.
Plaintiff-appellant was employed by the defendant from February 19, 1987, until he was discharged on February 10, 1994. He suffered a personal injury while in the course and scope of his employment on April 28, 1992. The injury worsened in January 1994 and Mr. Claiborne was apprised that surgery would be necessary. On January 9, 1994, he was admitted to the VA Medical Center in Shreveport, Louisiana, and underwent arthroscopic surgery on January 11, 1994. According to Claiborne, he remained under the care of a physician until March 1994.
On February 3rd and 4th of 1994, Mr. Claiborne was advised by his employer to return to work and, according to the defendant, his failure to do so resulted in his termination. On February 10, 1995, one year after he was terminated, Mr. Claiborne filed the instant suit claiming that he was fired in retaliation for his having filed a claim for worker's compensation, a practice prohibited under La.R.S. 23:1261. Defendant answered the suit denying that the plaintiff was wrongfully discharged.
On October 23, 1995, defendant filed its motion for summary judgment arguing that plaintiff's discharge was not in retaliation for asserting a worker's compensation claim, but resulted from plaintiff's failure to return to work after being discharged by his treating physician. In support of its motion, the defendant filed the affidavit of Ms. Hardison, its Plant Personnel Manager. The affidavit of Ms. Hardison conceded that claimant sustained an injury and underwent surgery by Dr. Nunley. Most importantly, the affidavit further stated that on February 3, 1994, Ms. Hardison had contacted Mr. Claiborne's treating physician and was informed that Claiborne had been able to return to light duty work as of January 19, 1994.
In opposition, plaintiff submitted his own affidavit filed November 2, 1995. Contrary to the defendant's assertions that claimant was fit to return to the job and had been medically discharged, claimant averred that sutures were still in his knee, which rendered him unable to get out of bed without assistance. Moreover, plaintiff swore that he had contacted the hospital before February 3, 1994, and was informed that his treating physician, Dr. Nunley, was no longer employed at the VA Hospital and had not been so employed since January 28, 1994, and that the hospital had no record of plaintiff's official discharge. Further, plaintiff swears in his affidavit that he was informed by and received a statement from a patient advocate, one Marilyn L. Brown, "showing that [he] would not be released until his scheduled visit on March 4, 1994."
Based upon the strength of the defendant's affidavit, summary judgment was granted on December 7, 1995. This appeal springs from that ruling.
In Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, *853 345 (La.1991), our Supreme Court reviewed the law and jurisprudence governing appellate review in summary judgment cases and stated:
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 714 (5th Cir. 1985); McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir.1983); Wright, Miller & Kane, Federal Practice and Procedure, section 2716, at 125 (Supp.1001). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La., 1981). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp., supra; see also United States v. Diebold, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Thornbrough v. Columbus and Greenville R. Co., 760 F.2d 633, 640 (5th Cir.1985). The party who defended against the motion for summary judgment must have properly filed allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the movant. Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); Thornbrough, supra; Wright, Miller & Kane, supra.

Accepting plaintiff's allegations as true, a summary judgment is not proper in this case. Defendant's position that plaintiff had recovered and had been discharged by his treating physician on January 19, 1994 is directly contradicted by plaintiff's affidavit. Moreover, the evidence suggests that the affidavit filed in support of defendant's motion for summary judgment was not based upon the personnel manager's personal knowledge, but rather on information allegedly received by her on the telephone. La. Code Civ.P. art. 967. Under these circumstances, the evidence does not permit us to rule out plaintiff's theory that he was discharged in retaliation for filing a claim in worker's compensation.
Moreover, we note the prior jurisprudence of this court and others to the effect that a summary judgment is not appropriate in cases which turn on questions of subjective fact such as motive, intent, malice, good faith and/or knowledge. Bruce v. Ampacet Corp., 93-866 (La.App. 3 Cir. 3/2/94), 634 So.2d 1351; Fontenot v. Aetna Ins. Co., 225 So.2d 648 (La.App. 3 Cir.1969). The likelihood a party will prevail on the merits does not constitute a basis for rendition of summary judgment. Bruce, 634 So.2d 1351. This jurisprudence precludes summary judgment in the instant case.
For the reasons stated, the judgment of the trial court is reversed and remanded for further proceedings at appellee's cost.
REVERSED AND REMANDED.