|2FOGG, Judge.
This writ application seeks review of the trial court’s denial of relators’ motion for summary judgment. At issue is the extent of prosecutorial immunity from suit for malicious prosecution as a consequence of conduct intimately associated with the judicial phase of the criminal process.
In the latter part of 1989, Terrebonne Parish District Attorney, Douglas Greenburg, and the State Inspector General, Bill Lynch, began separate investigations of Kirk Manufacturing, Inc. (Kirk’s), a company located in Houma, concerning Kirk’s business affairs with the Parish of Terrebonne and the State of Louisiana. Steven Irving, an assistant attorney general who served primarily as counsel to the Inspector General, was assigned to the case by Lynch. The plaintiff, William R.G. Smith, was an independent certified public accountant who had been retained by Kirk’s to perform various accounting functions.
Ultimately, the District Attorney presented evidence to the grand jury, which handed down indictments on Smith and five others on October 31, 1990. Smith and Michael Kitching, an employee of Kirk’s, were charged with fifty counts of forgery, relating to falsifying billing records. Kitching pled guilty and testified against the plaintiff. However, the plaintiff was found not guilty. The other criminal defendants pled guilty.
The plaintiff filed suit against Lynch and Irving, individually and in their official capacity, alleging they
knew or had reason to know that plaintiff was not engaged in any criminal conduct and that any criminal prosecution against him was brought in reckless disregard to the plaintiffs rights. The criminal prosecution was additionally brought for the purpose of using the plaintiff to gain access to the criminal prosecution of other persons.
The plaintiff also averred that the defendants failed to turn over exculpatory information to defense counsel. The plaintiffs wife and daughter joined in the suit asserting claims for loss of consortium.
The defendants moved for summary judgment, asserting, in part, the defense of prose-cutorial immunity; the district court denied the motion. Contesting that judgment, the defendants, ^then, filed the instant application for supervisory writs, which this court denied with no explanatory language. Smith v. State of Louisiana, 96-0432 (La.App. 1 Cir. 7/12/96). On review of that decision, the Louisiana Supreme Court remanded the matter to this court for briefing, argument, and opinion. Smith v. State of Louisiana, 96-2050 (La. 1/6/97), 685 So.2d 132.
As in the recent case of Knapper v. Connick, 96-0434 (La. 10/15/96); 681 So.2d 944, the issue presented for review is whether a prosecutor, acting within the course and scope of his responsibilities in a criminal proceeding, is entitled to absolute immunity from a subsequent civil suit for damages for alleged malicious prosecution of the original criminal matter.
In the Knapper case, the Louisiana Supreme Court held as follows:
We deplore the use by prosecutors of methods that violate a defendant’s rights or otherwise fail to conform to professional ethics and the rules of law and procedure designed to safeguard our freedoms. However, the checks on prosecutorial misconduct already inherent in our justice system undermine the argument that the imposition of civil damages is the only way to insure the integrity of prosecutions. We are convinced that the interests of justice as a whole are best served by extending absolute immunity in cases of the type before us, even though it may result in the denial of an individual’s potential recovery of money damages. Accordingly, we hold that a prosecutor acting within the scope of his prosecutorial duties as an advocate for the state is entitled to absolute immunity from suit for malicious prosecution as a consequence of conduct intimately associated with the judicial phase of the criminal process.
Knapper v. Connick, 681 So.2d at 950-951.
Smith asserts that the absolute immunity adopted by the supreme court in the Knap-per ease applies only to the actions Irving took after he was sworn in as an ad hoc *1187 assistant district attorney in June of 1992. The record reflects that Irving served as an assistant attorney general until he resigned that position in January of 1992. Shortly before the matter went to trial in June of 1992, he was sworn in as an ad hoc assistant district attorney to assist in the prosecution. Prior to being named an assistant district attorney but subsequent to his leaving the attorney general’s employ, Irving continued to take part in the prosecution of the case against Smith.
|4We find that this assertion lacks merit. Article 61 of the Louisiana Code of Criminal Procedure provides that “[s]ubject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.” Article 62 provides as follows:
The attorney general shall exercise supervision over all district attorneys in the state.
The attorney general has authority to institute and prosecute, or to intervene in any proceeding, as he may deem necessary for the assertion or protection of the rights and interests of the state.
Clearly, the absolute prosecutorial immunity adopted by the supreme court in the Knapper ease covers the actions taken by an assistant attorney general acting in the role of advocate for the state. Furthermore, it is undisputed that Irving’s participation in the prosecution of the case during the six months prior to trial was with the approval of the district attorney. His actions were, therefore, within the scope of his prosecutorial duties as an advocate for the state and he is entitled to absolute immunity from suit for malicious prosecution as a consequence of those actions.
For these reasons, we find that the action of the supreme court in the Knapper case is dispositive of this case with respect to Steven Irving. The actions taken by Irving of which the plaintiff complains clearly fall within the scope of the prosecutor’s role as an advocate for the state and are intimately associated with the judicial phase of the criminal proceeding. Knapper, 681 So.2d at 944.
We now turn to the issue of whether absolute prosecutorial immunity attaches to the Inspector General. The Office of State Inspector General was created within the Division of Administration by Executive Order BR 88-10 issued April 4, 1988. That executive order provides that the Office of Inspector General was established “to examine, investigate, and make recommendations with respect to the prevention, and detection of Iswaste, inefficiencies, mismanagement, and abuse in all the state agencies, boards, commissions, authorities, task forces, departments and divisions of the executive branch government.”
As head of a free-standing subdivision of the Division of Administration, the Inspector General fulfills his role by directing the auditors of the Division of Administration. These actions are not associated intimately with the judicial phase of the criminal process and the role of Inspector General is not that of advocate for the state. We, therefore, conclude that, due to his functional category, Lynch is not entitled to absolute immunity.
Lynch contends further that he is entitled to summary judgment absent the defense of absolute prosecutorial immunity. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Summary judgment is seldom appropriate for determinations based on subjective facts, such as motive, intent, good faith, knowledge, and malice. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 7/5/94); 639 So.2d 730; Penalber v. Blount, 550 So.2d 577 (La.1989).
An action for malicious prosecution in a criminal proceeding lies in all cases where the following elements exist: (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceed *1188 ing; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff. Miller v. East Baton Rouge Parish Sheriff’s Dept., 511 So.2d 446 (La.1987).
In the Miller case, the supreme court discussed the fourth and fifth elements of this cause of action as follows:
Chief among these elements is the requirement that 16the plaintiff must sustain the burden of proof that the criminal proceeding was initiated or continued without “probable cause”. Probable cause for arrest exists when facts and circumstances within the knowledge of the arresting officer and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be prrested has committed or is committing an offense.
The appearances must be such as to lead a reasonable person to set the criminal process in motion; unfounded suspicion and conjecture will not suffice. Verification may be required to establish probable cause where the source of the information seems unworthy, or where further information about a serious charge would be readily available. The reputation of the accused, his opportunity to offer explanation, and the need for prompt action, if any, are all factors in determining whether unverified information furnishes probable cause.
Second of importance in actions of malicious prosecution is the element of defendant’s malice. However, malice does not submit readily to definition. It means something more than the fictitious “malice in law” which has been developed in defamation cases as a cloak for strict liability. There must be malice in fact. Any feeling of hatred, animosity, or ill will toward the plaintiff, of course, amounts to malice. But it is not essential to prove such ill will. Malice is found when the defendant uses the prosecution for the purpose of obtaining any private advantage, for instance, as a means to extort money, to collect a debt, to recover property, to compel performance of a contract, to “tie up the mouths” of witnesses in another action, or as an experiment to discover who might have committed the crime. Malice may be inferred from the lack of probable cause or inferred from a finding that the defendant acted in reckless disregard of the other person’s rights. Since the determination of malice in a malicious prosecution case is a question of fact, the issue is to be determined by the trier if fact unless only one conclusion may reasonably be drawn from the evidence. On appellate review such a finding is reversible only if manifestly erroneous or clearly wrong. (Citations omitted.)
Miller v. East Baton Rouge Parish Sheriff’s Dept., 511 So.2d at 452-453.
In summary, the crucial determination in regard to the absence of probable cause is whether the defendant had an honest and reasonable belief in the guilt of the plaintiff. Reese v. City of Baton Rouge, 93-1957 (La.App. 1 Cir. 10/7/94); 644 So.2d 674. Verification may be required where the source of the information seems unworthy, or where further information about a serious charge would be readily available. Miller v. East Baton Rouge Parish Sheriff’s Dept., 511 So.2d at 453. Malice may be inferred from the lack of probable cause or inferred from a finding that the defendant acted in reckless disregard of the 17other person’s rights. Miller v. East Baton Rouge Parish Sheriff’s Department, 511 So.2d at 453; Jones v. Soileau, 448 So.2d 1268 (La.1984).
Application of the above law requires that the issues of whether probable cause and malice existed be determined by the trier of fact unless only one conclusion may reasonably be drawn from the evidence. See LSA-C.C.P. art. 966. The likelihood a party will prevail on the merits does not constitute a basis for rendition of summary judgment. Bruce v. Ampacet Corp., 93-866 (La.App. 3 Cir. 3/2/94); 634 So.2d 1351. This jurisprudence precludes summary judgment in the instant case as the evidence presented on the motion for summary judgment does not preclude the determination that probable cause did not exist for this proceeding, nor does it preclude the determination that mal *1189 ice was present. Therefore, we find that the trial court properly denied summary judgment in favor of the Inspector General.
For the foregoing reasons, the writ is granted in part and denied in part. The judgment of the trial court is reversed to the extent it denied summary judgment in favor of Steven Irving. Summary judgment is hereby granted in favor of Steven Irving and judgment is rendered dismissing the lawsuit as to this defendant. In all other respects, the writ is denied.
WRIT DENIED IN PART; WRIT GRANTED IN PART AND MADE PEREMPTORY.
LeBLANC, J., dissents in part and assigns reasons.