NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 0861

JOHNNY GAUTHIER

VERSUS

JASON GERALD ARD, IN HIS CAPACITY AS SHERIFF OF
LIVINGSTON PARISH, MAJOR STAN CARPENTER, DEPUTY JEFF
BEATTY, LEOLA EDWARDS, INVESTIGATOR BRETT SMITH,
INVESTIGATOR GREEN, BOBBY GAUTHIER,
AND WANDA GAUTHIER EDWARDS

Judgment Rendered:    JUL 2 3 2019

* * * * * * * *

Appealed from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Case No. 154099

The Honorable M. Douglas Hughes, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Johnny Gauthier<br>Livingston, Louisiana | Plaintiff/Appellant<br>Pro Se |
| Greg Murphy<br>Livingston, Louisiana | Counsel for Defendant/Appellee<br>Scott Perrilloux, District Attorney,<br>Parish of Livingston |

* * * * * * * *

BEFORE: GUIDRY, McDONALD, McCLENDON, THERIOT, AND
PENZATO, JJ.

Penzato, J., agrees in part, dissents in part and assigns reasons.

Guidry, J. agree in part and dissent in part for the reasons assigned by Judge Penzato.

**THERIOT, J.**

Plaintiff/appellant, Johnny Gauthier, appeals a judgment of the Twenty-First Judicial District Court, granting the peremptory exception of no cause of action filed by defendant/appellee, Hon. Scott Perrilloux, District Attorney for the Parish of Livingston, and dismissing all of the appellant's claims against the appellee with prejudice. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On December 14, 2016, Mr. Gauthier filed a petition for damages for malicious prosecution, defamation, and intentional infliction of emotional distress against nine defendants, including the appellee. Mr. Gauthier alleged that on or about November 14, 2013, his siblings, Bobby Gauthier and Wanda Gauthier Edwards, filed a complaint against him with the Livingston Parish Sheriff's Office for theft of assets from an elderly person. The alleged victim of the theft was their mother, Hilda Gauthier. Mr. Gauthier asserted that the allegations of theft against him stemmed from his management of Hilda's assets. In the course of this management, Mr. Gauthier alleged that he occasionally temporarily transferred funds that were held in a joint bank account co-owned by him and his mother to his own "private account," but that he always transferred the funds back to the joint bank account or returned "the entirety of each withdrawal [to his mother] in her hands."

The complaint was investigated by defendants Brett Smith and Ernest Green[1] of the Louisiana Department of Justice, and following the issuance of their investigative report, a warrant was issued for Mr. Gauthier's arrest. The criminal charges against Mr. Gauthier were ultimately dismissed by the appellee on

---

[1] In the petition for damages, Ernest Green is identified simply as "Investigator Green."

2

December 14, 2015.[2] Following the dismissal of the criminal charges, Mr. Gauthier filed his petition for damages.

The appellee filed a peremptory exception of no cause of action on April 27, 2017.[3] Following a hearing, which Mr. Gauthier did not attend, the trial court signed a judgment on December 14, 2017, granting appellee's peremptory exception of no cause of action and dismissing all of Mr. Gauthier's claims against the appellee with prejudice. It is from this judgment that Mr. Gauthier appeals.[4]

## ASSIGNMENT OF ERROR

Mr. Gauthier's sole assignment of error on appeal is that the trial court erred in granting the appellee's exception of no cause of action without allowing him an opportunity to amend the original petition.

## STANDARD OF REVIEW

The *de novo* standard of review applies to the trial court's ruling sustaining the peremptory exception of no cause of action. *LeBlanc v. Alfred*, 15-0397, p. 6 (La.App. 1 Cir. 12/17/15), 185 So.3d 768, 773. Appellate review of a trial court's ruling on an exception of no cause of action involves determining whether the trial court was legally correct in sustaining the exception. *LeBlanc*, 15-0397 at pp. 6-7, 185 So.3d at 773.

## DISCUSSION

The objection that a petition fails to state a cause of action is properly raised by the peremptory exception. La. C.C.P. art. 927(A)(5). The peremptory exception of no cause of action questions whether the law affords any relief to the

---

[2] Although Mr. Gauthier's petition stated that the criminal charges were dismissed by the appellee on December 13, 2015, the trial court later granted Mr. Gauthier's "Motion to Correct Typographical Error and Supplement Original Petition of Plaintiff," amending the petition to state that the criminal charges were actually dismissed on December 14, 2015.

[3] Defendants Ard, Carpenter, and Beatty filed separate peremptory exceptions of no cause of action and prescription on April 20, 2017. These exceptions are the basis for the appeal in the companion case *Johnny Gauthier v. Jason Gerald Ard, Sheriff of Livingston Parish, et al.*, 18-0862 (La.App. 1 Cir. __/__/__), ___ So.3d ___.

[4] Although Mr. Gauthier alleges in his appellate brief that he filed a motion to vacate the trial court judgment granting appellee's exception of no cause of action, and upon denial of that motion, filed a notice of appeal, this assertion is not accurate. Mr. Gauthier did file a "Motion for New Trial and to Vacate Judgment," but this motion addressed only the judgment dismissing his claims against defendants Ard, Carpenter, and Beatty. He did not file a motion to vacate the judgment at issue herein. Nevertheless, Mr. Gauthier's request for a devolutive appeal in this matter was filed timely.

plaintiff if he proves the factual allegations in the petition and annexed documents at trial. *CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.,* 15-1260, p. 11 (La.App. 1 Cir. 9/23/15), 182 So.3d 1009, 1015. For purposes of determining the issues raised by the exception of no cause of action, all well-pleaded facts in the petition, as well as facts shown in any annexed documents, must be accepted as true. *Id.*

When considering the exception of no cause of action, the court must resolve any doubts in favor of the sufficiency of the petition; therefore, the question on appeal is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. *Stroscher v. Stroscher,* 01-2769, p. 3 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 523. Ordinarily, no evidence may be introduced to support or controvert the exception of no cause of action. *Id.*

The appellee herein is the District Attorney of Livingston Parish. Prosecutors, acting within the scope of their traditional prosecutorial duties as advocates for the state, are entitled to absolute immunity from suit arising from conduct intimately associated with the judicial phase of the criminal process. *Knapper v. Connick,* 96-0434, pp. 4-11 (La. 10/15/96), 681 So.2d 944, 947-951. The allegations of the petition relating to appellee are that the appellee: conspired with the other defendants to "falsely report and allege false, purported criminal misconduct in an effort to cause and effect [his] malicious prosecution[;]" continued the prosecution despite "clear knowledge" that Hilda Gauthier "continually maintained" that he did not steal her money and despite the fact that the appellee knew or should have known that the charges were false; "intentionally abridged [his] Constitutional right of confrontation by refusing to allow him access to Hilda Gauthier prior to her sworn testimony before Judge Wolfe[;]"and later "unilaterally dismissed" the charges against him.

4

Subject to the supervision of the attorney general, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute. La. C.Cr.P. art. 61. From the face of the petition and the annexed documents, we find that the actions taken by the appellee were within the scope of his duties as district attorney. It was within his purview to initiate prosecution against Mr. Gauthier, and then to dismiss it. The appellee acted at all times within the scope of his prosecutorial duties as an advocate for the state, and he is entitled to absolute immunity from suit as a consequence of those actions. See *Smith v. State Through Dept. of Admin.*, 96-0432, p. 4 (La.App. 1 Cir. 5/9/97), 694 So.2d 1184, 1187, writ denied, 97-1493 (La. 11/14/97), 703 So.2d 1288.

Mr. Gauthier also made generalized claims of defamation and intentional infliction of emotional distress against all the defendants in his petition, but did not specify any language used by the appellee that he considered to be defamatory or actions causing him emotional distress. Nevertheless, since, as stated above, all of the appellee's actions related in Mr. Gauthier's petition fall within the prosecutorial duties that are intimately associated with the judicial phase of the criminal process and which occur in the course of a prosecutor's role as an advocate for the state, the appellee is absolutely immune from suit. *Knapper*, 96-0434 at pp. 10-11, 681 So.2d at 950.

We find that the trial court was legally correct in granting the appellee's exception of no cause of action. With regard to Mr. Gauthier's argument that the court erred in denying him the opportunity to amend his petition to state a cause of action, La. C.C.P. art. 934 only requires that a plaintiff be afforded an opportunity to amend his petition when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition; where the grounds of the objection raised through the exception cannot be so removed, the action shall be

dismissed. Furthermore, the decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. *Harris v. Breaud*, 17-0421, p. 13 (La.App. 1 Cir. 2/27/18), 243 So.3d 572, 581. Mr. Gauthier has made no assertions that his petition could be amended to state a cause of action against the appellee from which the appellee would not have absolute immunity.[5] We cannot say the trial court abused its discretion in dismissing Mr. Gauthier's petition with prejudice, since the appellee had absolute immunity from any claims arising from his actions in this matter.

## DECREE

The judgment of the Twenty-First Judicial District Court, granting the peremptory exception of no cause of action filed by the appellee, Hon. Scott Perrilloux, District Attorney for the Parish of Livingston, and dismissing all of appellant Johnny Gauthier's claims against appellee with prejudice, is affirmed. All costs of this appeal are assessed to appellant, Johnny Gauthier.

**AFFIRMED.**

---

[5] Although a prosecutor is afforded only a qualified immunity for actions taken in an investigatory, administrative, ministerial, or other role that has no functional tie to the judicial process, there were no allegations that the appellee acted in such a role, nor does it appear that Mr. Gauthier could amend his petition, if given the opportunity, to allege facts which would result in the application of qualified immunity. See *Knapper*, 96-0434 at p. 10, 681 So.2d 944, 950.

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT
2018 CA 0861

JOHNNY GAUTHIER

VERSUS

JASON GERALD ARD, IN HIS CAPACITY AS SHERIFF OF
LIVINGSTON PARISH, MAJOR STAN CARPENTER, DEPUTY JEFF
BEATTY, LEOLA EDWARDS, INVESTIGATOR BRETT SMITH,
INVESTIGATOR GREEN, BOBBY GAUTHIER,
AND WANDA GAUTHIER EDWARDS

PENZATO, J., dissenting in part.

I agree with the majority that the plaintiff's petition failed to state a cause of action against Scott Perilloux, District Attorney for the Parish of Livingston. However, a determination that prosecutors are entitled to absolute immunity for conduct within the course and scope of their prosecutorial functions does not mean that a prosecutor will be immune from suit in all instances. *Knapper v. Connick*, 96-0434 (La. 10/15/96), 681 So. 2d 944, 950. Thus, I believe that the plaintiff should be allowed an opportunity to amend the petition in accordance with La. C.C.P. art. 934.