463 So.2d 723 (1985)
SUCCESSION OF Mary Bradford DAVIS.
No. CA 2030.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
Michael E. Botnick, David W. Oestreicher, II, Oestreicher, Whalen & Hackett, New Orleans, for appellant.
Bruce C. Waltzer, Fine, Waltzer & Bagneris, Michael F. Little, Roger C. Linde, Michael F. Little, A.P.L.C., New Orleans, for appellee.
Before SCHOTT, BARRY and CIACCIO, JJ.
CIACCIO, Judge.
On September 15, 1982, plaintiff, Dorothy Lee Persia O'Steen, sued the Succession of Mary Bradford Davis alleging that prior to her death Mrs. Davis perpetrated a fraud upon Mrs. O'Steen in connection with a contractual agreement whereby plaintiff sold 1,326.3465 shares of stock in Mike Persia Chevrolet Company, Inc. to Davis and the Company. The agreement had been executed on May 30, 1977. Defendant filed an exception of prescription arguing that the action was barred by the one-year prescriptive period applicable to tort actions, former La.C.C. Art. 3536[1] or by *724 the two-year prescriptive period applicable to stock transactions under La.R.S. 51:715. Plaintiff argued that her action sounds in contract and that the ten-year prescriptive period in former La.C.C. Art. 3544[2] governs.
The trial court ruled that the two-year prescriptive period provided in La.R.S. 51:715(E) controlled. More than two years having passed, he ordered plaintiff's suit dismissed with prejudice as having prescribed. Plaintiff has appealed.
Mary Bradford Davis was the testamentary executrix for the Succession of Mike Persia, Sr. During the administration of the Succession of Mike Persia, Sr., Mrs. Davis, Mike Persia's widow, entered into a written agreement with Mrs. O'Steen, Mike Persia's daughter, as "a compromise of various aspects of the Succession of Mike Persia and the ownership of stock of [Mike Persia Chevrolet] Company." Mrs. Davis at this time was the majority stockholder, a director, and was serving as the president of Mike Persia Chevrolet Company, Inc.
The agreement called for the Company to redeem Mrs. O'Steen's Company stock in return for a stated value paid in cash. Two additional cash amounts were to be paid Mrs. O'Steen by Mrs. Davis, as testamentary executrix, in settlement of admitted and contested naked ownership claims. Another cash amount was to be paid Mrs. O'Steen by Mrs. Davis, individually, to purchase Mrs. O'Steen's "undivided interest in the remaining assets of said Succession."
The remainder of the agreement relieves Mrs. O'Steen of any Succession debts or obligations, her share being assumed and guaranteed personally by Mrs. Davis. Further, the agreement provides for an upward adjustment to the price paid for the redeemed stock in the event that the Internal Revenue Service and the Succession establish a value for the stock in excess of the price paid Mrs. O'Steen. Mrs. Davis personally guaranteed the obligation to make the upward adjustment, if necessary.
Plaintiff's petition alleges that the value of the stock which she sold was five (5) times the price she received. She alleges that she was the victim of fraud and misrepresentation at the hands of Mrs. Davis. She seeks damages therefor in the form of the difference between the alleged actual value of the stock and the price she received.[3]
Appellee has referred us to the case of Dupuy v. Dupuy, 551 F.2d 1005 (C.A.5 1977). In a fact situation similar to this case, the Federal Court in Dupuy found that the two-year prescriptive period in La. R.S. 51:715(E) applied. The Dupuy case, however, was an action brought under the provisions of Security and Exchange Commission Rule 10b-5. Because the federal securities laws do not contain a statute of limitation, the period that the forum state applies to the state remedy bearing the closest substantive resemblance to Rule 10b-5 is utilized. The Federal Court indicated that the Louisiana statute bearing the closest substantive resemblance to Rule 10b-5 was La.R.S. 51:715(A)(3). The court, therefore, applied the two-year prescriptive period found in La.R.S. 51:715(E).
This present action is not being pursued under Rule 10b-5. Nor have we found any *725 authority to indicate that La.R.S. 51:715 provides the exclusive state remedy available to plaintiff so that its two-year prescriptive period must necessarily be applied.
In another case with facts similar to this present action, the Louisiana First Circuit Court of Appeal found that plaintiff's action was one in contract and the ten-year prescriptive period applied. Wilson v. H.J. Wilson Co., Inc., supra. In Wilson the plaintiff alleged the wrongful or fraudulent transfer of stock from himself, a minority shareholder, to his brother, the majority shareholder. Plaintiff also filed an action in Federal Court under Rule 10b-5. The Federal judge found the action prescribed by the passage of more than two years, as in Dupuy, again analogizing Rule 10b-5 to La.R.S. 51:715. The Louisiana Court of Appeal, however, directly addressing the issue, "what is the prescriptive period applicable," found plaintiff's action "is a suit arising ex contractu." Accordingly, the court held that plaintiff's claim had not prescribed under the applicable prescriptive period as set forth in (former, See fns. 1 & 2) La.C.C. Art. 3544.
As did the court in Wilson, we find that plaintiff claims a breach of contract or fiduciary obligation,[4] and the applicable prescriptive period is ten years. Since ten years had not elapsed since the earliest time plaintiff could have become aware of any alleged breach (i.e. the date of the agreement) the trial court erred by dismissing plaintiff's suit as having prescribed. Accordingly, we reverse the ruling of the district court, overrule the exception of prescription, and remand this matter to the district court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Chapter 4 of Title XXIV of the Louisiana Civil Code of 1870, consisting of Articles 3528 through 3554, was revised, amended and reenacted by Acts. 1983, No. 173, effective Jan. 1, 1984, to consist of Articles 3492 through 3504. Acts. 1983, No. 173, repealed Arts. 3528 through 3531, 3533 through 3542, and 3544 through 3554. Applicable at the time of these proceedings in the trial court was Art. 3536:

Art. 3536. Other actions prescribed by one year. The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.
That which a possessor may institute, to have himself maintained or restored to his possession, when he has been disturbed or evicted.
That for the delivery of merchandise or other effects, shipped on board any kind of vessels.
That for damage sustained by merchandise on board ships, or which may have happened by ships running foul of each other.
[2] See fn. 1.

Art. 3544. Personal actions, general rule. In general, all personal actions, except those before enumerated, are prescribed by ten years.
[3] The corporation no longer exists, so a recission of the sale is not possible.
[4] La.R.S. 12:91 provides:

Officers and directors shall be deemed to stand in a fiduciary relation to the corporation and its shareholders, and shall discharge the duties of their respective positions in good faith, and with that diligence, care, judgment and skill which ordinarily prudent men would exercise under similar circumstances in like positions. Nothing herein contained shall derogate from any indemnification authorized by R.S. 12:83.