925 So.2d 604 (2006)
ST. BERNARD OPTICAL CORPORATION d/b/a St. Bernard Optical, J. Curtis Pollet, Zelma Enriques, Wife of/and Arthur J. Enriques, Jr.
v.
Martin J. SCHOENBERGER, Eye Center Optical, L.L.C. and The Eye Center of St. Bernard (A Professional Medical Corporation).
No. 2005-CA-0548.
Court of Appeal of Louisiana, Fourth Circuit.
January 25, 2006.
Stephen M. Chouest, Stephen M. Chouest & Associates, APLC, Metairie, LA, for Plaintiff/Appellant.
*605 Kevin C. Schoenberger, Kevin C. Schoenberger, APLC, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS SR., and Judge EDWIN A. LOMBARD).
DENNIS R. BAGNERIS, SR., Judge.
Plaintiffs, J. Curtis Pollet, Arthur Enriques, Jr., and his wife Zelma Enriques[1], appeal from a trial court judgment, which granted defendants', Dr. Martin J. Schoenberger, Eye Center Optical, L.L.C., and The Eye Center of St. Bernard's, exception of no right of action. For the following reasons, we affirm.

FACTS
J. Curtis Pollet and Arthur Enriques coown St. Bernard Optical Corporation, a company that dispenses eyeglasses. On April 1, 1992, St. Bernard Optical entered into a five year lease with two five year renewal options with Dr. Martin Schoenberger for approximately 800 square feet of retail space in the building, The Eye Center of St. Bernard, located at 901 W. Judge Perez Drive in Chalmette, Louisiana.[2] Dr. Martin Schoenberger was the sole owner of The Eye Center of St. Bernard, and he also utilized the building for his medical practice as an ophthalmologist. In April 2004, Dr. Schoenberger and his partner, Keith Sehon, formed Eye Center Optical, L.L.C., which is now operating as an optical retailer in another portion of the building.
On May 13, 2004, St. Bernard Optical Corporation, J. Curtis Pollet, Arthur Enriques, Jr., and Zelma Enriques filed the instant suit against Dr. Martin Schoenberger, The Eye Center of St. Bernard, and Eye Center Optical. In their petition, plaintiffs allege, among other things, that Defendants violated the Louisiana Unfair Trade Practices and Consumer Protection Law, and that Defendants violated the terms of the lease. Specifically, the petition states, in pertinent part:
19.
The extreme and outrageous conduct of Schoenberger, including methodically seeking to take Plaintiffs' business, to cancel their lease without cause, and even to deny them the use of the bathrooms, hallways, or parking spaces, caused plaintiffs, Pollet and Enriques, to sustain severe emotional distress, which Schoenberger either desired to inflict or which he knew would be certain or substantially certain to result from his conduct.
20.
Schoenberger has attempted to hire St. Bernard Optical's employees and he intentionally walks or sends his medical patients to Eye Center Optical, L.L.C., a new competing dispensary formally formed by Schoenberger on April 23, 2004, but operating through Schoenberger and misappropriating Plaintiffs' business, customers and good will for several months prior thereto. Schoenberger serves as a member and registered agent of Eye Center Optical, L.L.C., which is also located at 901 West Judge Perez Drive. Schoenberger's employee, Sehon, is the only other listed member of Eye Center Optical, L.L.C. Individually, and through and by Eye *606 Center Optical, L.L.C. and The Eye Center of St. Bernard, which are under his ownership and control, Schoenberger has unfairly and illegally misappropriated and acquired St. Bernard Optical's trade secrets, customers, business, and good-will by improper means, and he has since opened a competing dispensary within the building in his own offices, all in clear violation of the agreements, warranties, and representations he has made to the Plaintiffs over the years, which enticed the Plaintiffs to work for nearly twelve years to build the dispensary business in the Eye Care Building.
21.
The wrongful actions of Schoenberger, individually and on behalf of his LLC, Eye Center Optical, L.L.C., and his corporation, The Eye Center of St. Bernard, constitute unfair trade practices, entitling Plaintiffs to all right and remedies afforded to them by the Louisiana Unfair Trade Practices and Consumer Protection Law including damages, penalties, and attorney's fees. Plaintiffs further aver that said Defendants have improperly damaged Plaintiffs' business through improper means, including a course of calculated misconduct over a considerable period of time that was calculated and intended to injure Plaintiffs' business and to wrongfully benefit Defendants' competing business.
22.
The actions of Schoenberger, individually and on behalf of his LLC, Eye Center Optical, L.L.C., and his corporation, the Eye Center of St. Bernard, constructively constitute wrongful eviction from the premises and have destroyed the principal cause for which the entire transaction and lease were undertaken. Plaintiffs are entitled to all damages resulting from the Defendants' conduct, while specifically reserving the right to terminate the Dispensary Lease for failure of the principal cause (i.e., being the dispensary in the building), the legal cause for which the Dispensary Lease was originally proposed and executed.
23.
The actions of Schoenberger, individually and on behalf of his LLC, Eye Center Optical, L.L.C., and his corporation, The Eye Center of St. Bernard, breach and violate the contractual agreements and understanding reached between the parties in 1992, upon which the Plaintiffs have changed their previous plans and justifiable and reasonably relied to their detriment in the conduct of their business for over eleven (11) years, causing irreparable damage to Plaintiffs' business and their long standing business plans.
24.
The actions of Schoenberger, individually and on behalf of his LLC, Eye Center Optical, L.L.C., and his corporation, The Eye Center of St. Bernard, constitute either intentional or negligent misrepresentations, upon which the Plaintiffs have relied to their detriment and what have caused Plaintiffs great harm. The individual Plaintiffs are entitled to damages for past, present and future mental pain and suffering, medical expenses, as applicable, and for such monetary damages as are reasonable in the premises of this action due to the general and special damages they have sustained.
25.
The Defendants are liable to Plaintiffs herein, jointly, severally, and in solido, *607 for the breach of the agreements, and/or for the wrongful, negligent or intentional acts and/or omissions stated herein,
* * *
27.
Both Enriques and Pollet have sustained keen mental anguish and emotional distress. At all material time herein, plaintiff Arthur J. Enriques was married to plaintiff Zelma Enriques, thereby giving her a fifty percent (50) interest in his share of the business and its profits as community property. Further, Zelma Enriques has sustained her own individual damages in the form of loss of consortium, support and society due to the damages tortuously inflicted upon her husband, Arthur J. Enriques, for which the Defendant are liable herein.
On July 6, 2004, defendants filed a peremptory exception of no right of action claiming that plaintiff, Zelma Enriques, has no right of action against the defendants under the Louisiana Unfair Trade Practices and Consumer Protection Law. Defendants also filed an exception of no cause of action stating that the petition failed to state a claim or cause of action for which relief can be granted under the Louisiana Unfair Trade Practices and Consumer Protection Law.
On October 1, 2004, at the hearing of the exceptions, the trial court judge disclosed that he had been an eye patient of the defendant, Dr. Martin Schoenberger, and invited the parties to file a motion for recusal. Neither party filed a motion for recusal. On November 17, 2004, the trial court, upon finding that the plaintiffs do not have an individual right of action against defendants for the damages suffered by the corporation, St. Bernard Optical, rendered a judgment granting defendants' peremptory exception of no right of action, which dismissed the claims of J. Curtis Pollet, Arthur Enriques, Jr., and Zelma Enriques. The trial court further found that the petition does state a cause of action under the Louisiana Unfair Trade Practices and Consumer Protection Law and rendered a judgment denying defendants' peremptory exceptions of no cause of action.
On November 24, 2004, plaintiffs, J. Curtis Pollet, Arthur Enriques, Jr., and Zelma Enriques, filed a motion for new trial. In consideration of this new trial motion, the trial court judge re-examined the recusal issue on his own and decided to recuse himself and transfer the case to another division. Thereafter, Plaintiffs' motion for a new trial was scheduled to come on for hearing in another division of the 34th Judicial District Court on January 14, 2005.
At the hearing on the new trial motion, the new trial court judge also disclosed that he is an eye patient of Dr. Martin Schoenberger. Although the trial court judge reset the matter for February 18th, he asked that the parties either submit a judgment "showing that the motion for new trial is denied or your petition and order recusing me" prior to that date. Thereafter, on February 2, 2005, the trial court signed a final judgment, which denied plaintiffs' Motion for a New Trial. Plaintiffs now appeal this final judgment.

DISCUSSION
On appeal, Plaintiffs argue that the trial court erred in granting defendants' exception of no right of action and dismissing their personal suit against defendants. Plaintiffs argue that even though J. Curtis Pollet and Arthur Enriques, Jr. own St. Bernard Optical Corporation, that should not give Dr. Martin Schoenberger immunity for the consequences of his deliberate or *608 negligent conduct toward them individually.
Defendants argue to the contrary that the tenant, St. Bernard Optical Corporation, is the only entity with a right of action and that plaintiffs have no right of action for damages they may have suffered as a result of an alleged loss sustained by St. Bernard Optical Corporation.
The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La. C.C.P. art. 927. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit and it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Reese v. State Dept. of Public Safety and Corrections, 03-1615 (La.2/20/04), 866 So.2d 244.
Generally, a shareholder may only sue to recover losses to a corporation secondarily through a shareholder's derivative suit. Pittman v. Beebe, 95-1342 (La. App. 3 Cir.3/6/96), 670 So.2d 761. Shareholders do not have a personal right to sue to recover for acts committed against, or causing damage to the corporation. Joe Conte Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 95-1630 (La.App. 4 Cir. 2/12/97), 689 So.2d 650; Bolanos v. Madary, 609 So.2d 972 (La.App. 4 Cir.1992). To determine whether the shareholder has a personal right to recover, the jurisprudence requires an injury that is "special" or unique to the shareholder. The American Law Institute suggest this test for distinguishing direct from derivative claims: "if a shareholder can recover in a suit only by showing that the corporation was injured, then the suit is derivative in nature, even if the corporate injury does cause indirect harm to the shareholder, while if a recovery can be granted without proof of a corporate loss, then the suit is considered to be direct." Morris Holmes, 8 La. Civ. Law Treatise-Business Organizations 34.03 (1999).
In applying these precepts to the instant case, we find that the trial court correctly granted the exception of no right of action as to the personal claims of J. Curtis Pollet, Arthur Enriques, Jr., and Zelma Enriques. The lease agreement was between Dr. Martin Schoenberger and St. Bernard Optical. Throughout the petition, plaintiffs allege causes of action against defendants for damages suffered by the corporation and by them personally as a result of this lease agreement between Dr. Martin Schoenberger and St. Bernard Optical. While plaintiffs argue that they should be allowed to assert their personal actions, we find that their recovery depends on the corporate injury. Without proof of the corporate loss or injury, they would have no claim. As such, their claims are derivative and can only be made on behalf of the corporation.
Following a thorough review of the record and jurisprudence, we find the trial court correctly sustained the exceptions of no right of action against the plaintiffs' claim to recover in their individual capacity. Accordingly, we affirm the trial court ruling granting the exception of no right of action and dismissing all personal claims against Defendants.
AFFIRMED.
NOTES
[1] The corporation, St. Bernard Optical, is also a Plaintiff in this litigation but is not a party to this appeal.
[2] Defendants allege in their answer that the lease erroneously lists Dr. Martin Schoenberger as the owner, and that The Eye Center entered into the lease with St. Bernard Optical.