# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-976

**EMILSEN AMADOR, ET AL.**

**VERSUS**

**JOHN F. REGGIE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 82388
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Glenn B. Gremillion, Judges.

**AFFIRMED.**

**James E. Diaz, Sr.**
**Onebane Law Firm**
**Post Office Box 3507**
**Lafayette, LA 70502**
**(337) 233-6200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **American Exporters of Rice, Inc.**

**Robert H. Matthews**
**830 Union Street, Suite 400**
**New Orleans, LA 70112**
**(504) 523-4542**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Fredy Amador**
    **Siervo Amador**
    **Martha Amador**
    **Emilsen Amador**

**Emmett C. Sole**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP**
**Post Office Box 2900-2900**
**Lake Charles, LA   70602**
**(337) 436-9491**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Barry J. Heinen**
    **Barry J. Heinen, APLC**

**James H. Gibson**
**Allen & Gooch**
**Post Office Box 3768**
**Lafayette, LA   70502-3768**
**(337) 291-1300**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Scott M. Hawkins**
    **Hawkins & Villemarette**
    **Chris Villemarette**
    **V. Jacob Garbin**

**Randy M. Guidry**
**Durio, McGoffin, Stagg & Ackerman**
**Post Office Box 51308**
**Lafayette, LA   70505**
**(337) 233-0300**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **John F. Reggie, Inc.**
    **John F. Reggie**

AMY, Judge.

The plaintiffs were the sole shareholders of a corporation that pursued the purchase of a rice mill. Surrounding events resulted in a default judgment entered against the corporation and, eventually, its bankruptcy. The plaintiffs brought this suit in their individual capacity in an attempt to recover funds invested in the corporation. The suit was dismissed after the trial court sustained the defendants' exception of no right of action. The plaintiffs appeal. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiffs, Fredy Amador and Siervo Amador, along with their wives, filed this suit seeking return of their $860,000 investment in American Exporters of Rice, Inc. (hereinafter American Exporters). The plaintiffs were the sole shareholders in the corporation which, in 2002, sought to purchase the Liberty Rice Mill in Kaplan, Louisiana. Through events which the plaintiffs recite in their brief, but upon which the resolution of this case does not turn, John Reggie, a contractor engaged by American Exporters to perform repairs to the rice mill, obtained a lien against the facility. Litigation concerning the propriety of the lien ensued as did a breach of contract suit filed by Mr. Reggie. Although Fredy Amador was served with notice of the petition in the suit, an answer was not filed on behalf of American Exporters. Mr. Reggie confirmed a default judgment against American Exporters in the breach of contract suit in the amount of $1,059,101.15. Following the entry of this judgment, the rice mill was closed, and American Exporters sought bankruptcy protection. Subsequently, the trial court granted a motion for new trial and ultimately vacated the default judgment.

The Amadors filed the instant matter in October 2004. Mr. Reggie, along with John F. Reggie, Inc., and various attorneys were named as defendants.[1] The Amadors asserted that, as a result of the bankruptcy, they lost their $860,000 investment in American Exporters. They also contended that due to the mandated reorganization, they lost their one hundred percent shareholder status. Finally, the plaintiffs sought damages for emotional distress and mental anguish.

The defendants responded to the petition with exceptions of no right of action and no cause of action. In short, the defendants asserted that the Amadors had no right, personally, to pursue a claim for the damages sought. Rather, the defendants contended that the right of action is that of the corporation. Following a hearing, the trial court granted the defendants' exceptions of no right of action. The Amadors' claim against these defendants was dismissed. The Amadors appeal that determination.

**Discussion**

The Amadors acknowledge the general precept that shareholders have no right of action to enforce rights of a corporation. *See Glod v. Baker*, 02-988 (La.App. 3 Cir. 8/06/03), 851 So.2d 1255, *writ denied*, 03-2482 (La. 11/26/03), 860 So.2d 1135. However, they assert that they have an independent right to recover damages associated with their investment in the corporation. The Amadors argue in their brief that "[w]hatever monies the Amadors lost and whatever ownership interest they lost does not belong to the corporation." They further assert that "[t]he corporation's claim is for its lost profits occasioned by the defendants' misconduct. The Amadors'

---

[1] The defendants relevant to the no right of action maintained by the trial court are John F. Reggie, Inc., John F. Reggie, Scott M. Hawkins, Esq., Chris Villemarette, Esq., Jacob Garbin, Esq., Hawkins & Villemarette, L.L.C., formerly known as Hawkins, Garbin & Villemarette, L.L.C., formerly known as Hawkins & Garbin, L.L.C.

2

claims for the loss of their investment, their 100% ownership interest in the corporation, and their severe emotional distress and mental anguish are clearly individual, separate and distinct claims from those of American Exporters."

The peremptory exception of no right of action is provided by La.Code Civ.P. art. 927(A)(5). The exception serves to determine whether a plaintiff belongs to the class of persons that the law provides with the cause of action advanced in the petition. *Turner v. Busby*, 03-3444 (La. 9/9/04), 883 So.2d 412. "The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation." *Indus. Cos., Inc. v. Durbin*, 02-0655, p. 12 (La. 1/28/03), 837 So.2d 1207, 1216. On appeal, a trial court's ruling on an exception of no right of action is considered *de novo*. *Boyer v. Stric-Lan Cos. Corp.,* 04-872 (La.App. 3 Cir. 11/10/04), 888 So.2d 1037.

Having reviewed the record, we conclude that the trial court did not err in maintaining the defendants' exceptions of no right of action. Although styled by the plaintiffs as a suit related to their investment and the mental anguish associated with the loss of their investment, the claim is clearly derivative of the alleged corporate loss. In *Glod*, 851 So.2d at 1264, a case advanced by all parties, this court explained that: "The rule in Louisiana is that a shareholder has no separate or individual right of action against third persons, including directors and officers of a corporation, for wrongs committed against or causing damage to the corporation." The court further referenced a number of cases recognizing "[t]he rule that a right of action for mismanagement or fraud that causes loss to the corporation is an asset of the corporation and may only be asserted secondarily by a shareholder through a

3

shareholder's derivative suit[.]" *Id.* at 1265. Neither does the plaintiffs' status as one hundred percent shareholder indicate that this is a suit that the plaintiffs can bring individually. Rather, even in instances where one person is the sole shareholder of a corporation, the right of action is retained by the corporation. *Id.*

In this case, the alleged damage was sustained by American Exporters. The record indicates that it was American Exporters, not the plaintiffs personally, that entered into the contract with Mr. Reggie. Furthermore, Mr. Reggie's suit named American Exporters as the defendant in the suit which later resulted in the default judgment entered against it. Furthermore, as alleged in the plaintiffs' petition, the default judgment caused the cessation of operations at the rice mill and, in turn American Exporters' bankruptcy. The claims and any damages associated with these actions are those of the corporation.

The plaintiffs advance *Glod* for the proposition that in some circumstances, a shareholder may have a right of action for a personal loss. The plaintiffs further reference a portion of *Glod,* 851 So.2d at 1266, which states that "a shareholder may have a right of action for a personal loss if the cause of action is based on breach of a contract between the shareholder and the corporation and its directors." However, in its discussion on this point, the court in *Glod* repeatedly recognized that such a personal right of action only exists in the event that a loss is not suffered by the corporation. As stated above, the corporation sustained a loss due to the default judgment and the resulting bankruptcy.

Finally, we address the plaintiffs' assertion that they have a right of action for mental anguish and distress damages associated with the defendants' complained of conduct. In *L&L Industries, Inc. v. Progressive National Bank*, 535 So.2d 1156, 1158

4

(La.App. 2 Cir. 1988), the second circuit denied such a claim by sole shareholders, noting that the wrongful acts alleged "were all directed towards [the corporation], not Mr. and Mrs. Lott as individuals. A person cannot recover in tort for mental anguish resulting from injuries suffered by another." The court reiterated that "if a corporation has sustained a loss then only that corporation can sue to recover it." *Id.* As in the second circuit case, all of the alleged wrongful conduct of the defendants was directed toward the American Exporters, not the plaintiffs individually.

For these reasons, the plaintiffs' arguments on appeal lack merit.

### DECREE

The judgment of the trial court is affirmed. All costs of these proceedings are assigned to the plaintiffs-appellants, Emilsen Amador, Fredy Amador, Martha Amador, and Siervo Amador.

**AFFIRMED.**