MARION F. EDWARDS, Chief Judge.
| yPefendants/appellants, Louis M. Piazza and Vivian B. Piazza, appeal the district court’s judgment granting an Exception of No Right of Action and dismissing their claim for return of excessive attorney’s *1068 fees. We affirm for the reasons that follow.
Paul Piazza & Son, Inc. (“P & S”) is a closely held corporation engaged in the processing and wholesale distribution of seafood in southeast Louisiana. Until early 2007, P & S was owned by members of the Piazza and Baumer families, individually or through companies controlled by members of those respective families. Louis M. Piazza and Vivian B. Piazza (“Piazzas”) held a 43.1917551 percent ownership interest in P & S. On February 27, 2007, the Piazzas executed a Stock Acquisition Agreement with Baumer Land Company, LLC; Baumer, LLC; Nina and Shepherd A. Baumer; and P & S (the Corporation). In the agreement, the Piazzas agreed to sell their interest in P & S and in Baumer, LLC.
At the time of the Agreement, P & S had pending claims against its insurer for casualty and loss of business income due to Hurricanes Katrina and Rita, as well as an errors and omissions claim against its insurance agent. Prior to the signing of the Stock Acquisition Agreement, on February 24, 2007, a Contingency | sFee Contract was executed by P & S retaining the legal services of Kristen Baumer, an attorney and the son of Shepherd Baumer, to investigate, prosecute, and collect any judgment or compromise of P & S’ claims regarding the insured losses. The agreement assigned 10 percent of the value of the claim to Kristen Baumer, with a proviso that, should the matter proceed to trial, Kristen Baumer would receive 20 percent of the value of the claim. The agreement was on behalf of P & S and was signed by Shepherd Baumer as Secretary/Treasurer of P & S; Louis Piazza, individually; and Kristen Baumer.
Among the terms at issue in the Stock Purchase Agreement is the following paragraph:
Seller shall receive within seven (7) days of receipt thereof by Corporation, Louis M. Piazza’s current percentage in Corporation [PP & S], which is 43.1917551 percent of any insurance proceeds received by Corporation for casualty or a loss of income suffered prior to January 1, 2007, relating to the Katrina and Rita loss, minus all fees and costs of collection, including but not limited to attorney’s fees, brokerage fees and adjusting fees, and less any taxes which may be owed or due on the proceeds by Corporation, less the same percentage of any moneys actually paid by Corporation to Empress [International] or its insurance company.
Empress International is a separate company and is not involved in the limited matter before us. According to the record, the Piazzas received monies from the insurance carrier in installments during 2007 and 2008. At some point, the Piazzas became dissatisfied and began to seek additional sums.
On July 10, 2010, P & S, Baumer, and Shepherd Baumer filed a Petition for Declaratory Judgment, averring that Piazza claimed he was entitled to certain amounts of money received by P & S as a result of the insurance claims. It was alleged that Piazza took issue with certain methods of calculation regarding income taxes. The petition requested a judgment declaring that all payments made to the Piazzas under the stock acquisition agreement had been satisfied in full.
|/The Piazzas answered the petition and filed a Reconventional Demand for Damages, Attorney’s Fees and Return of Excessive Attorney’s Fees. In the Reconven-tional Demand, the Piazzas impleaded the original plaintiffs and added Kristen Bau-mer as a defendant. The Piazzas alleged that, in May of 2007, P & S issued them a check for $478,761.15, which was repre *1069 sented as the total amount due to them based on all insurance monies collected as of that date, minus all fees and expenses. In August 2007, a second check for $168,121.50 was issued that represented the amount due for business income and extra expense payments received to date. A final payment of $281,158.78 was made on January 4, 2008. The Piazzas claimed, among other things, that P & S made improper deductions from the payments owed to them under the stock acquisition agreement by deducting excessive attorney’s fees. The petition alleged that Kristen Baumer was an officer and employee of P & S prior to the formation of the contingency fee contract. The Piazzas contended that the company had already hired an independent adjusting firm, which processed the claims for recovery and insurance proceeds, and that, following the inception of the contingency contract, received a total of $4,465,000. The Piazzas objected to the $465,000 attorney’s fees paid and demanded that P & S recover the fee. Because the fee was not returned, they asked the court to determine whether the decision not to seek recovery of it was a reasonable and prudent decision of the company. The Piazzas further claimed they suffered monetary damages equivalent to their proportional share of the fee that had been deducted from the funds paid to them.
Kristen Baumer filed a peremptory exception of no right of action to the recon-ventional demand, urging that Louis Piazza was not a party to the contract as it was an agreement between himself (Kristen) and P & S and that, if any right to challenge the fees under the contract existed, it belonged to the corporation. It was | ¡¡further alleged that any claim of excessive attorney’s fees lies solely with the corporation. Kristen Baumer urged that, if any action existed, it was solely the right of the corporation. It was finally urged that Louis Piazza had sold all his interest in P & S and no longer had a right to bring a derivative claim on behalf of the company.
The matter was submitted on briefs, following which the trial court issued a judgment, on October 21, 2010, sustaining the exception of no right of action and dismissing the Piazzas’ claim against Kristen Baumer with prejudice. No appeal was taken from this judgment.
Prior to the issuance of the above judgment, the Piazzas amended their reconven-tional demand to remove Kristen Baumer as a defendant.
On November 3, 2010, P & S, Baumer Land Company, and Shepherd Baumer filed an exception of no right of action for the return of excessive attorney’s fees, claiming that, as did Kristen, the action belongs solely to the corporation. On January 25, 2011, the trial court granted the exception and dismissed the claim for return of excessive attorney’s fees. This judgment, designated as final for appeal purposes, is presently on appeal.
Under La. C.C. P. art. 927, the function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. The exception of no right of action serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation.[1] An appellate court reviews an exception of no right of action de novo.[2]
*1070 |„In the contingency fee agreement, P & S acknowledged that Kristen Baumer was employed as its director of operations and general counsel, and his duties and representative salary did not include prosecution of the insurance claims. In that document, Paul Piazza specifically agreed that to retain other counsel would typically cost 33-45 percent, depending on whether the case had to be tried and appealed and that P & S was best served financially by the agreement.
In the record on appeal are copies of the checks received by the Piazzas in 2007, along with a breakdown of the calculations performed to determine the sums due. The calculations clearly show the deduction of the 10 percent attorney’s fees.
By its terms, the mutual obligations contained in the contingency agreement existed only between the parties; that is, P & S and Kristen Baumer. There is no separate fee contract with the Piazzas personally. Thus, it is clear that the matter of attorney’s fees was a debt of the corporation, and the evidence in the record shows the debt was paid by P & S.
On appeal, appellants contend that Louisiana law allows a shareholder’s right to bring an individual action against a corporation for injuries the shareholder directly suffers, and they were personally harmed by the decision to pay Kristen Baumer’s fee. They claim that only they suffered the loss as they were the only shareholders who received too little under the Stock Acquisition Agreement.
In Louisiana, generally, a shareholder may only sue to recover losses to a corporation secondarily through a shareholder’s derivative suit. Shareholders do not have a personal right to sue to recover for acts committed against, or causing damage to the corporation.[3] To determine whether the shareholder has a personal 17right to recover, the jurisprudence requires an injury that is “special” or unique to the shareholder.[4]
Under Louisiana law, “if the breach of fiduciary duty causes a direct loss to the shareholder or causes damage affecting the shareholder personally, a shareholder may have the right to pursue a claim individually for breach of fiduciary duty to the corporation under La. R.S. 12:91. However, in situations where the alleged loss to the individual shareholder is the same loss that would be suffered by other shareholders, the loss is considered to be indirect. Where the shareholder, but not the corporation, suffers a loss, that loss is considered a direct loss to the shareholder, and the shareholder may have a right to sue individually.”[5] As the Third Circuit explained:
A shareholder can have a right of action for a personal loss if the cause of action is based on breach of a contract between the share-holder and the corporation and its directors. In Bordelon v. Cochrane, 533 So.2d 82 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1255 (La.1989), we held that a shareholder had both a cause and right of action to assert a claim against the corporation and its officers for breach of a shareholders agreement entered into before he became a shareholder. Implicit in the opinion is that the corporation itself suffered no loss, only the shareholder. *1071 Another example is the case of Wilson v. H.J. Wilson Co., Inc., 430 So.2d 1227 (La.App. 1 Cir.), writ denied, 437 So.2d 1166 (La.1983). In that case, a shareholder in a family corporation claimed a breach of fiduciary duty because of an allegedly fraudulent transfer to the corporation’s principal stockholder of shares that actually belonged to the plaintiff. In his suit, the plaintiff sought recovery of the shares or the value thereof. The breach of fiduciary duty caused a direct loss to the shareholder. It was the shareholder, but not the corporation, that suffered a loss, and the court recognized that the shareholder had the right to sue individually. The reasoning of Wilson was followed in Succession of Davis, 463 So.2d 723 (La.App. 4 Cir.1985). There the shareholder sued the succession of a corporate president, alleging fraud and misrepresentation in connection with a stock redemption agreement. The court recognized the suit as a personal action for a breach of contract or fiduciary obligation under La.R.S. 12:91; the contract on which the personal right of action was founded was the redemption agreement. Once more, the corporation^ suffered no loss.[6]
In the present case, the losses asserted by the Piazzas are indirect in nature. The insurance proceeds and ensuing attorney’s fees were owed to and paid by the corporation, and, according to the agreement, were allocated according to the percentage of stock owned. The alleged loss of income would have been suffered not only by the Piazzas but also by P & S. The Piazzas have not demonstrated an individual right of action to challenge the attorney’s fees. A derivative action is not available as the appellants are not shareholders.
Our review of the record discloses no error by the trial court in maintaining the Exception of No Right of Action. Although the Piazzas’ attempt to characterize their situation as a loss peculiar to them, the claim is clearly derivative of the alleged corporate loss.[7]
For the foregoing reasons, the judgment is affirmed. Appeal costs are assessed to appellants.

AFFIRMED

. Badeauc v. S.W. Computer Bureau, Inc., 05-0612, 05-719 (La.3/17/06), 929 So.2d 1211.

. First Bank and Trust v. Duwell, 10-481 (La.App. 5 Cir. 12/14/10), 57 So.3d 1076, writ denied, 10-2826 (La.2/11/11), 56 So.3d 1005.

. St. Bernard Optical Corp. v. Schoenberger, 05-0548 (La.App. 4 Cir. 1/25/06), 925 So.2d 604.

. Id.

.Monroe v. Baron One, L.L.C., 04-1392 (La.App. 5 Cir. 4/26/05), 902 So.2d 529 (quoting Sun Drilling Products Corp. v. Rayborn, 00-1884 (La.App. 4 Cir. 10/3/01),798 So.2d 1141, writ denied, 01-2939 (La.1/25/02), 807 So.2d 840).

. Glod v. Baker, 02-988 (La.App. 3 Cir. 8/6/03), 851 So.2d 1255, 1265-66, writ denied, 03-2482 (La.11/26/03), 860 So.2d 1135 (emphasis added).

. See, Amador v. Reggie, 05-976 (La.App. 3 Cir. 3/1/06), 924 So.2d 415.