THERIOT, J. '
| aIn this legal malpractice action, plaintiffs-appellants appeal a judgment entered by "the Thirty-Second Judicial District Court, sustaining peremptory exceptions of no cause of action and no right of action, dismissing plaintiffs-appellants’ claims with prejudice, and denying plaintiffs-appellants’ motion fqr leave to file amended pleadings. For the following reasons, we amend the trial court’s judgment, affirm as amended, and remand this matter to the trial court with instructions.
FACTS AND PROCEDURAL BACKGROUND
In October of 2013, Forty Acre Corporation (“Forty Acre”) and the plaintiffs-appellants herein, Michael A. LeBlanc and Mary Kaye LeBlanc (collectively “the Le-Blancs”), filed suit against defendants-ap-pellees, Randall M. Alfred and Randall M. . Alfred, APLC (collectively “Alfred”). The LeBlancs appeared in this- suit individually and as officers of Forty Acre. Forty Acre .and the LeBlancs, acting pro se, demanded *771 unspecified damages from Alfred for his “actions, inactions, omissions, and. representations made during the course of his official duties as [l]awyer for [plaintiffs].” Forty Acre and the LeBlancs asserted claims based upon. Alfred’s purportedly negligent representation of their interests in the proposed sale of certain “real property” owned by Forty Acre; Alfred’s representation of Forty Acre in federal court bankruptcy proceedings; and Alfred’s representation of ■ Forty Acre and the Le-Blancs in a civil action brought against them in federal court following the failed sale of Forty Acre’s property.
On February 3, 2014, Forty Acre and the LeBlancs filed an amended pro se petition for damages with further factual information regarding the basis for their legal malpractice claims against Alfred. The amended ^petition alleged Alfred served as the attorney for Forty Acre arid the LeBlancs in the proposed sale of 1022 total acres of property, owned by Forty Acre, from January 2007 to October 2013. Forty Acre and the LeBlancs alleged Alfred recommended Forty Acre reject a “$6.1m all'cash deal” for its property, and instead encouraged Forty Acre to enter into an unfavorable sale arrangement with Steve Serafín, William McCollough, C & R Developers (“C & R”), and Adventure Harbor Estates, LLC (“Adventure Harbor”). Forty Acre and the LeBlancs alleged that, during the course of negotiations, Alfred developed a professional relationship with the prospective buyers that resulted in a conflict of interest. In pertinent part, they claimed that, unbeknownst to them, Alfred was “simultaneously receiving offers and negotiating with [the prospective buyers],” accepted appointment as C & R’s registered agent for service, and accepted a position on C & R and/or Adventure Harbor’s “Development Boards.”
Forty Acre and the LeBlancs claimed that, because of Alfred’s conflict of interest, he negligently failed to protect their interests in the property, and he structured-a simulated sale transaction with the prospective buyers without the use of a mortgage. Forty. Acre and the LeBlancs alleged that no sale with the prospective buyers was ultimately completed, but that, because -of Alfred’s conflicted representation and advice, once they elected to entertain other purchase offers, they were prevented “from • executing a sale / 1031 exchange' of their property for. multiple properties, and cash[,] ... due to [their] inability to provide a clean title with no liens.”, ■ .
Forty Acre and the LeBlancs further alleged that, following the failed transaction with Serafín, McCollough, C & R, and Adventure Harbor,' Alfred encouraged Forty Acre to file for Chapter 11 bankruptcy protection. They claimed that Alfred thereafter negligently represented Forty Acre in | bankruptcy proceedings by failing to assert Forty Acre’s claims against-Serafín, McCollough, C & R, and Adventure Harbor; by failing to file a timely reorganizational plan; by failing to actively direct, and advance the bankruptcy proceedings -“on .behalf of [Forty Acre], much less the shareholders”; and by letting -Forty Acre’s creditor “have the driver's seat” throughout the entire Chapter 11 process. •
Finally, Forty Acre and the LeBlancs alleged they were named as defendants in a federal civil suit brought agairist them by Serafín, McCollough, and Adventure Harbor following the failed sale of Forty Acre’s property. They claimed the district court in that suit found Alfred to have a conflict of interest and disqualified him from representation. Forty Acre and the LeBlancs therefore demanded damages from Alfred for the decreased value of the *772 1022 total acres of land, lost attorney .fees, lost claims in bankruptcy court, lost business opportunities, and emotional pain and suffering.
' In response to this suit, Alfred- filed a dilatory exception of lack of procedural capacity and a peremptory’ exception of no right of action. Alfred noted the entire 1022 acres of property at issue was wholly owned by' Forty Acre,- and' averred the LeBlancs had no right to-pursue Forty-Acre’s claims against him. Alfred argued that any legal malpractice claims asserted against him properly belonged to Forty Acre’s bankruptcy estate, as the 'corporation was in bankruptcy and its remaining assets were held in trust. Following a hearing on Alfred’s exceptions of lack of procedural capacity and no right of action, the parties submitted a joint proposed consent, judgment to dismiss, without prejudice, all claims asserted by Forty-Acre against Alfred. The trial court signed the consent judgment on June- 13, L2014, thereby dismissing Forty Acre’s legal malpractice claims against Alfred.[1]
Next, Alfred filed' a peremptory exception of no cause of action. Alfred argued, in relevant part; that the LeBlancs had not stated, an individual cause of action against him, distinct from those claims belonging to Forty Acre. • Again, ■ Alfred stressed that the “sale at issue involved property owned by Forty- Acre, not thé LeBlancs[.]” The LeBlancs, now represented -by counsel, .filed an opposition to Alfred’s exceptions of no cause of action and no right of action. Alfred responsively filed a motion to -strike the LeBlancs’ opposition, arguing the LeBlancs improperly pleaded “immaterial, impertinent, and scandalous .material.” The trial court granted Alfred’s motion to strike, and ordered that the LeBlancs’ opposition “be stricken from the ... record.”
Following a hearing on, inter alia, Alfred’s exceptions of no cause of action and no right of action, but prior to judgment on these exceptions, the LeBlancs filed, through counsel, a motion for leave to file an amended opposition to Alfred’s exceptions of no cause of action and no right of action, and to file a second amended and supplemental petition for damages. The trial court heard arguments on the LeBlancs’ motion for leave on November 14, 2014. Thereafter, on November 16, 2014, the trial court signed and rendered judgment, sustaining the exceptions of no cause of action and no right of action, dismissing the LeBlancs’ claims, with prejudice, and denying the LeBlancs’ motion for leave to file' amended pleadings. The trial court adopted the arguments of defense ' counsel as reasons for judgment. The LeBlancs now appeal.
J^ASSIGNMENTS OF ERROR
The LeBlancs assert three assignments '.of error:
1. The trial court erred by sustaining Alfred’s peremptory exception of no cause of action, because the Le- • Blancs’ allegations, taken as true and in the light most .favorable to the LeBlancs, substantiate their .- cause of action sounding in legal malpractice against Alfred.
2; The trial court erred by sustaining -Alfred’s peremptory, exception of no right of action, because the Le-Blancs’ allegations, taken as true and in the light most favorable to the LeBlancs, together with record evidence, substantiate their individu *773 al rights of action sounding in legal malpractice against Alfred.
3. The trial court erred by denying the LeBlancs’ motion for leave to file a second amended petition, because, pursuant to La, C.C.P. art. 934, they must be allowed to amend their petition because the grounds for the ex-, ception can be removed.
STANDARD OF REVIEW
The de novo standard of review applies to the Mai court’s ruling sustaining the peremptory exceptions of no cause of action and no right of action. See Block v. Bernard, Cassisa, Elliott & Davis, 04-1893 (La.App. 1 Cir. 11/4/05), 927 So.2d 339, 344 (“A trial court’s judgment sustaining the peremptory exception of no cause of action is subject to de novo, review by an appellate court, employing the same principles applicable to the trial court’s determination of the exception.”); Lili Collections, LLC v. Terrebonne Parish Consol. Gov’t., 14-1541 (La.App. 1 Cir. 6/18/15), 175 So.3d 434, 436, writ not considered, 15-1413 (La.10/2/15), 178 So.3d 579 (“Because it involves a question of law, the standard of review of the district court’s granting of the exception raising the objection of no right of action is de novo.”), see also, St. Pierre v. Northrop Grumman Shipbuilding, Inc., 12-0545 (La.App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009. Appellate review of the trial court’s ruling on exceptions of no cause of action and no 17right -of action involves determining whether the trial court was legally correct in sustaining the exceptions. St. Pierre, 102 So.3d at 1009.
DISCUSSION
In the LeBlancs’ first assignment of error, they contend that the trial court erred by sustaining - Alfred’s peremptory exception of no cause of action. In their second assignment of error, the LeBlancs aver that the trial court erred by sustaining Alfred’s peremptory exception of no right of action. The exceptions of no cause of action and no right .of action are “separate and distinct”. under Louisiana law. See Badeaux v. Southwest Computer Bureau, Inc., 05-0612 (La.3/17/06), 929 So.2d 1211, 1216. However, in this case, the two exceptions present interrelated issues that demand joint consideration.
The objection that a petition fails to state a cause of action is properly raised by the peremptory exception of no cause of action. La. C,C.P. art. 927(A)(5); see also, Block, 927 So.2d at 344. The peremptory exception of no cause of action questions whether the "law affords any relief to the plaintiff if he proves the factual allegations in the petition and annexéd documents at trial. CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc., 15-1260 (La.App. 1 Cir. 9/23/15), 182 So.3d 1009, 1015. For purposes of determining the issues raised by the exception of no cause of action, all well-pleaded facts in the petition must be accepted as true. Id.
When considering the exception of no cause of action, the court must resolve any doubts in favor of the sufficiency of the petition; therefore* the question on appeal is whether, in the -light most favorable to the plaintiff, and with every doubt resolved in the plaintiffs favor, the petition states any valid cause of action for relief. Stroscher v. Stroscher, 01-2769 (La.App. Cir. 2/14/03), 845 So.2d 518, 523. Ordinarily, no evidence may be introduced to support or controvert the exception of no cause of action. Id.
The objection that a particular plaintiff has no right to assert the cause of action raised is properly brought through the peremptory exception of no right of action;. La. C.C.P. art. 927(A)(6); see also, *774 Industrial Companies, Inc. v. Durbin, 02-0665 (La.1/28/03), 837 So.2d 1207, 1216. The purpose of the peremptory exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Randy Landry Homes, LLC v. Giardina, 12-1669 (La.App. 1 Cir. 6/7/13), 118 So.3d 459, 460-61.
The exception of no right of action focuses on whether the- particular plaintiff has a right to bring the suit; it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation, Randy Landry Homes, 118 So.3d at 461; see also, Taylor v. Babin, 08-2063 (La.App. 1 Cir. 5/8/09), 13 So.3d 633, 637, writ denied, 09-1285 (La.9/25/09), 18 So.3d 76 (“The objection of no right of action tests whether the plaintiff, who seeks relief, is or is not the person in whose favor the law extends a remedy.”). The exception of no right of action does not raise the question of the plaintiffs ability to prevail on the merits, nor the question of whether there is a valid defense to the proceeding. Randy Landry Homes, 118 So.3d at 461. Evidence is admissible on the trial of an exception of no right of action to support or controvert the objections pleaded when the grounds for the objection do not appear from the petition. La. C.C.P. art. 931; see also, Randy Landry Homes, 118 So.3d at 461.
| jiGenerally speaking, Louisiana law recognizes a legal malpractice cause of action in favor of a client injured as a result of his attorney’s negligent representation. See e.g., Teague v. St. Paul Fire & Marine Ins. Co., 07-1384 (La.2/1/08), 974 So.2d 1266. In order to establish- a legal malpractice cause of action, a plaintiff must demonstrate: 1) the existence of an attorney-client relationship; ■ 2) negligent representation by the attorney; and 3) loss caused by that negligence. Teague, 974 So.2d at 1272.
However, under Louisiana law, shareholders and officers of a corporation do not have a personal right to sue to recover for acts committed against, or causing damage to, the corporation. See Joe Conte Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 95-1630 (La.App. 4 Cir. 2/12/97), 689 So.2d 650, 654, writ denied, 97-0659 (La.4/25/97), 692 So.2d 1090. Ordinarily, shareholders may sue to recover losses to a corporation- only secondarily through a shareholder’s - derivative suit. See Paul Piazza & Son, Inc. v. Piazza, 11-548 (La.App. 5 Cir. 12/28/11), 83 So.3d 1066, 1070, writ denied, 12-0261 (La.3/30/12), 85 So.3d 123. To the extent that a shareholder has any potential personal right of action, jurisprudence requires a showing of injury that is “unique” or “special” to that shareholder. See Paul Piazza & Son, Inc., 83 So.3d at 1070 (citing St. Bernard Optical Corp. v. Schoenberger, 05-0548 (La.App. 4 Cir. 1/25/06), 925 So.2d 604). Where a shareholder’s alleged loss is the same, as that which would be suffered by any other shareholder, such loss is indirect, and the shareholder has no right to sue individually. On the other, hand, where a shareholder, but not the corporation, suffers a loss, such loss is direct, and the shareholder may have a right to sue individually. See Paul Piazza & Son, Inc., 83 So.3d at 1070 (citing Monroe v. Baron One, L.L.C., 04-1392 (La.App. 5 Cir. 4/26/05), 902 So.2d 529).
|inIn this case, the LeBlancs assert that, interpreting their original and amended petition for damages in the light most favorable to them, they sufficiently alleged all necessary elements of a legal malpractice cause of action against Alfred. Addi *775 tionally, the LeBlancs contend that they sufficiently demonstrated their right to proceed with such claims against Alfred. In pertinent part, the LeBlancs direct us to consider the following factual allegations in support of their first and second assignments of error: . .
• Declaration identifying “Michael A. . LeBlanc and Mary Kaye LeBlane, acting individually,” as named plaintiffs in the suit.
• Allegation that Alfred served as “the attorney for the Pla[i]ntiffs for the sale of real property, belonging to Pla[i]ntiffs, from January 2007 to [October 2Q13].”
• Allegation that Alfred recommended the failed -transaction “over a $6.1m all cash deal to Plaintiffs.”
• Allegation that Alfred received a check for $900,000.00 for the proposed sale, without- cashing it for ■' over one year.
• Allegation that Alfred “never disclosed to Plaintiffs his conflict and ' continuing conflict of interest between Plaintiffs and Buyers ... after Plaintiffs elected to terminate the sale of their property to Buyers.”
• Allegation that “Plaintiffs were also unaware ... that [Alfred] was simultaneously receiving offers and negotiating with Buyers.... ”
Based upon our de novo review of the record, we first conclude that the trial court did not err by sustaining the peremptory exception of no cause of action. It is beyond dispute that the LeBlancs alleged facts tending to prove the existence of an attorney-client relationship between Forty Acre and Alfred; tending to prove Alfred’s negligent representation of Forty Acre; and tending to prove causation of damages arising therefrom. However, the LeBlancs did not allege material facts necessary to establish an individual [ ^entitlement to-relief, distinct from their position as principal shareholders or officers of Forty Acre.
Even if the factual allegations of the LeBlancs’ original- and amended petition were, proven at trial, the law would not afford any .relief to them individually. All material factual allegations, including those cited by the LeBlancs on appeal, relate to Alfred’s representation of Forty Acre. The legal malpractice claims asserted were based upon Alfred’s purportedly negligent-representation of Forty Acre in the proposed sale of the corporation’s property; Alfred’s representation of Forty Acre in a-civil action brought against the corporation, and its shareholders, on account of the failed sale of its property; and Alfred’s representation of Forty Acre in subsequent bankruptcy proceedings. The LeBlancs had no individual ownership interest in Forty Acre’s property that is the subject of the failed transaction and do not otherwise have any unique personal interest in the facts alleged.
In brief, the LeBlancs aver they sufficiently stated a distinct individual cause of action against Alfred, reasoning the “essence” of their asserted claims extends beyond Alfred’s purportedly negligent representation of Forty Acre in the proposed sale of its property. In pertinent part, the LeBlancs claim that Alfred negligently represented them, ihdividually, in the proposed sale of their personally owned 3.5-acre homestead, contiguous to Forty Acre’s property. Yet, 'there are no well-pleaded facts in the LeBlancs’ original or amended petition for damage's establishing the requisite elements of an individual legal malpractice cause of action based upon this supposed transaction. Simply put, the LeBlancs did not allege that Alfred negligently represented them in the proposed sale of their personally owned property, nor did the LeBlancs allege causation of *776 damages arising therefrom. 11 ¡¡Therefore, the trial court did not err by sustaining the peremptory exception of no cause of action. ., ,
Next, we conclude that the trial court did not err by sustaining the peremptory exception of no right of action, insofar as relates to the legal malpractice claims asserted by the LeBlancs in their capacity as officers of Forty Acre. It is clear from the face-of the LeBlancs’ pro se pleadings that the LeBlancs sued Alfred both in their capacity as officers, of-Forty Acre and in their individual capacity. Notably, the LeBlancs both signed their original and amended petition for damages individually, Additionally, the LeBlancs’ pleadings vaguely reference the existence of an attorney-client relationship between Alfred and the LeBlancs, individually. For example, in. paragraph 1(D) of the first pleading filed in this suit on October 8, 2013 and styled as a “Proper Person Filing,” [2] the LeBlancs formally declared their intent to preserve ■ all rights and causes of action deriving from, inter alia, “[a]ny other, related or unrelated matters yet to be discovered, - due to the actions, in actions, [sic ] and omissions of Randall M. Alfred, while actings [sic ] as attorney for Michael A. LeBlanc, Mary K. LeBlanc, and Forty Acre. Corporation^] et al.” Moreover,, in their first amended petition for damages, the LeBlancs stated that, during the course of Forty Acre’s bankruptcy proceedings, Alfred negligently failed to disclose “his prior relationship as representing ... • Michael A. and Mary Kaye LeBlanc (personally)!)]”.
Notwithstanding the LeBlancs’ appearance in this suit in their personal capacity and/or any vague references to the exis? tence of an attorney-client relationship between Alfred and the LeBlancs, individually, it remains clear that the operative material factual allegations concern Alfred’s- | ^representation of' Forty Acre. The LeBlancs have no right to proceed with such claims, as these claims properly belong to Forty Acre and are presently pending in a federal suit filed against Alfred by the Trustee of the Forty Acre Bankruptcy Plan Trust. The LeBlancs have neither alleged nor demonstrated that they suffered a “unique” or “special” injury, distinct from those injuries suffered by the corporation itself, because of Alfred’s alleged malpractice. In rendering, judgment on the peremptory exception of no right of action, the trial .court noted that Forty Acre’s claims- had been previously dismissed in accordance with the parties’ consent , judgment, and also correctly explained that “the LeBlancs have no right to assert claims owned by Forty Acre[ ] Corporation, a separate entity which is now in bankruptcy.” We can find no error in the trial court’s reasoning. The law does not afford the LeBlancs a right to proceed with Forty Acre’s legal malpractice claims by virtue of their position as principal .shareholders or officers of the Forty Acre; therefqre, the trial court did not err by sustaining the peremptory exception of no right of action as to those claims asserted by the LeBlancs on béhalf of Forty Acre.
In the LeBlancs’ third assignment of error, they argue, in the alternative, that the trial court erred by denying their motion for leave to file a second amended petition. Although we agree-that the Le-Blancs failed to;state a distinct personal legal malpractice 'cause of action against *777 Alfred, we find merit in the LeBlancs’ third and final assignment of error. '
Louisiana Code of Civil Procedure article 934 states:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or 114if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
Pursuant to La. C.C.P. art. 934, if a petition fails to state a cognizable cause of action and the grounds for the objection can be removed by amendment, the plaintiff should be' allowed to amend his demand. See Richardson v. Home Depot USA, 00-0393 (La.App. 1 Cir. 3/28/01), 808 So.2d 544, 547. On the other hand, where the grounds for the objection cannot be removed by amendment, the trial court is not required to allow amendment. The decision to allow amendment is within the sound discretion of the trial court. Id.
As explained above, in the case at bar, the LeBlancs sued Alfred in part in their personal capacity, and stated their intent to preserve rights and causes of action against Alfred based upon his alleged actions, inactions, and omissions as their attorney. Although the LeBlancs failed to state material facts necessary to establish, an individual cause of action against Alfred, the LeBlancs sought leave to file a second amended petition for damages, through counsel, in pertinent part to address deficiencies' raised by Alfred’s peremptory exception of no cause of action. The LeBlancs requested leave in order to specifically allege that Alfred■-acted as their attorney for the proposed sale of “real property approximating. 1022 acres owned by Forty Acre ... and 8 acres of property[3] oimed individually by [the Le-Blancs].” (emphasis added). Similarly, in arguments before the trial court, counsel for the LeBlancs represented that the Le-Blancs sought leave to more clearly allege that “Alfred represented the LeBlancs in their individual capacity regarding a three-acre tract of land that is contiguous to ... [property] owned 11Bby Forty Acre_” In spite of these arguments, the trial court refused to grant the LeBlancs leave to file an amended petition for damages.
We conclude that the trial court abused its discretion by refusing to allow the Le-Blancs an opportunity to amend their petition in order to attempt to state an individual legal malpractice cause of action against Alfred. Because it is possible that the grounds for Alfred’s peremptory exception of no cause of action may be removed by amendment, we hereby remand this matter to the trial court to permit the LeBlancs to amend their petition, if they can, to set forth the necessary allegations so as to state an individual cause of-action against Alfred.
DECREE
For the foregoing reasons, the November 16, 2014 judgment of the Thirty-Second Judicial District Court is amended, affirmed as amended, and remanded with instructions.' The judgment granting the peremptory exception of no right of action *778 is affirmed insofar as it dismisses, with prejudice, any legal malpractice claims asserted by the LeBlancs in their capacity as officers of Forty Acre. However, the judgment granting the peremptory exception of no right of action is vacated insofar as it concerns the legal malpractice claims asserted by the LeBlancs in their individual capacity. The judgment granting, the peremptory exception of no cause of action is affirmed insofar as it dismisses the Le-Blancs’ individual claims against Alfred; however; the judgment granting the exception of no 'cause of' action is amended to make the dismissal of the LeBlancs’ individual claims without prejudice. ;This matter is remanded to the trial court, and the trial court is ordered to allow plaintiffs, Michael A. LeBlanc and Mary Kaye Le-Blanc, an appropriate delay to amend their petition solely to set forth 11fimaterial factual allegations necessary to state an individual cause of action against defendants, Randall. M. Alfred and/or Randall M. Alfred, APLC. Costs of this appeal are assessed equally among the parties.
VACATED IN PART, AMENDED IN PART, AFFIRMED AS AMENDED, AND REMANDED.
.McCLENDON, J. concurs in the result rendered by the.majority.

. According to La. C.C.P. art. 852,, "[t]he pleadings allowed in civil actions ... shall consist of petitions, exceptions, written motions, and answers.” In liberally construing the LeBlancs pro se filings, however, we interpret the LeBlancs' "Proper Person Filing" as part of their subsequently-filed original petition for damages.

3. In the interest of clarity, we note there is a discrepancy regarding the acreage of the Le-Blancs’ privately-owned homestead. On appeal, the LeBlancs state their homestead measures 3.5 acres, while they represented to the trial court that the tract measured 3.0 acres. For the purposes of- deciding the issues presented by this appeal, the exact measurement of the LeBlancs’ private property is of no consequence..