**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0166

ALVIN O. EASTERLING

VERSUS

STRANCO, LLC F/K/A STRANCO, INC.

Judgment Rendered: **OCT 0 4 2021**

\*\*\*\*\*\*\*\*

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2019-11506

The Honorable Raymond S. Childress, Judge Presiding

\*\*\*\*\*\*\*\*

David A. Lowe                          Counsel for Plaintiff/Appellant
Baton Rouge, LA                        Alvin O. Easterling
James L. Trinchard
Claire W. Trinchard
New Orleans, LA


Tom W. Thornhill                       Counsel for Defendant/Appellee
Slidell, LA                            Stranco, LLC f/k/a Stranco, Inc.

BEFORE: McDONALD, LANIER AND WOLFE, JJ.

**LANIER, J.**

Alvin O. Easterling appeals the judgment of the Twenty-Second Judicial District Court, which maintained the peremptory exceptions filed by the appellee, Stranco, LLC, and dismissed Mr. Easterling's claims with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Stranco, Inc. was incorporated on March 9, 1982. The declared object and purpose of Stranco, Inc. at the time of incorporation was "[t]o enter into any business lawful under the laws of the State of Louisiana, either for its own account, or for the account of others, as agent, and either as agent or principal, to enter upon or engage in any kind of business of any nature whatsoever, in which corporations organized under the Louisiana Business Corporations Law may engage[.]" The sole incorporator of Stranco, Inc. was R.H. "Bill" Strain, and the total authorized stock of the corporation was ten thousand (10,000) shares of no-par value.

Mr. Easterling alleges he is the holder of Stock Certificate No. 5 (stock certificate), which was issued by Stranco, Inc. to him on May 19, 1993, taking manual delivery of the stock certificate from Mr. Strain. The stock certificate was issued to Mr. Easterling pursuant to an agreement signed by him and Mr. Strain on May 19, 1993, which stated the following:

> For and in consideration of the donation by [Mr. Strain] to [Mr. Easterling] of one (1) share of no-par value stock in Stranco, Inc., [Mr. Easterling] does hereby covenant and agree to serve as the "qualifying party", for Stranco, Inc., as defined in [La. R.S.] 37:2156.1 et seq.[1], in the subclassifications of asbestos removal and

---

[1] The "qualifying party" referenced in the agreement is in accordance with both the 1993 and current versions of La. R.S. 37:2156.1, which delineates the requirements for licensure as a contractor. Paragraph (D) of that statute states, in pertinent part:

> (1) The applicant for licensure shall designate a qualifying party who shall be the legal representative for the contractor relative to the provisions of this Chapter. ... The qualifying party or parties are:

. . .

2

abatement; (re)insulation; demolition; and lead paint abatement and will do all things necessary to keep in full force and effect, by renewal or otherwise, his certifications and licenses, without any lapse in time, on or before their respective renewal dates.

Further, [Mr. Strain] and [Mr. Easterling] do hereby covenant and agree that the share of no-par value stock donated to [Mr. Easterling] by [Mr. Strain] shall be subject to an option on the part of [Mr. Strain] and/or his heirs, executors and assigns, to repurchase the said share of no-par value stock for the sum of Five ($5.00) Dollars; or on the part of [Mr. Easterling] to sell to [Mr. Strain] and/or his heirs, executors and assigns the said share of no-par value stock for the sum of Five ($5.00) Dollars. Either party may choose to exercise said option with thirty (30) days written notice.

Mr. Strain died in 1999. In the judgment of possession related to Mr. Strain's succession, his entire interest in Stranco, Inc. was sent into the possession of his designated heirs. On December 19, 2013, Stranco, Inc. was converted into Stranco, LLC, a limited liability company, which is the defendant/appellee of the instant appeal. The sole owner of Stranco, LLC is Mr. Strain's son, William P. "Bilbo" Strain. On December 7, 2018, Mr. Easterling contacted Stranco, LLC and stated that in the past he had done work for Stranco, Inc. as an asbestos and other hazardous materials abatement contractor. He further informed Stranco, LLC that he was paid in full for his work. Mr. Easterling also referred to the May 19, 1993 agreement with Mr. Strain, wherein Mr. Strain donated the one stock certificate to him.

On December 14, 2018, counsel for Stranco, LLC[2] sent a letter to Mr. Easterling, advising him that there was no record of him ever doing work for Stranco, Inc.; however, since Mr. Easterling had stated he was paid in full for his work on behalf of Stranco, Inc., he was not entitled to the donation of stock mentioned in his agreement with Mr. Strain, since the donation was to be in

---

(c) Any stockholder, officer, or incorporator of a corporation.

[2] Although the letter shows counsel's client as "Stranco, Inc.," counsel also represents Stranco, LLC.

3

consideration for work Mr. Easterling had done for Stranco, Inc. Mr. Easterling was thus advised that he was not a shareholder in Stranco, Inc.

On March 19, 2019, Mr. Easterling filed a petition for accounting, breach of fiduciary duty, and damages against Stranco, LLC, alleging that he was in fact the holder of the stock certificate, but was never notified of Stranco, Inc.'s conversion into Stranco, LLC. He alleged he neither received an accounting from or distributions from either Stranco, Inc. or Stranco, LLC, nor was he registered as a stockholder in Stranco, Inc. by Stranco, LLC. Stranco, LLC filed peremptory exceptions raising the objections of prescription, no right of action, and no cause of action, and dilatory exceptions raising the objections of unauthorized use of summary process and improper cumulation of actions.

After a hearing on July 13, 2020, the trial court maintained all the peremptory exceptions filed by Stranco, LLC and dismissed Mr. Easterling's claims with prejudice. The trial court signed a judgment reciting the same on August 3, 2020. The trial court declared the dilatory exceptions moot.[3] Mr. Easterling has appealed this judgment.

## ASSIGNMENTS OF ERROR

Mr. Easterling makes the following assignments of error:

1. The trial court erred in applying La. R.S. 12:1502[4] to Mr. Easterling's claims which were not asserted against any members and/or managers of Stranco, LLC.

---

[3] The dilatory exceptions are not a subject of this appeal.

[4] Louisiana Revised Statutes 12:1502 states, in pertinent part:

> A. The provisions of this Section shall apply to all business organizations formed under the laws of this state and shall be applicable to actions against any officer, director, shareholder, member, manager, general partner, limited partner, managing partner, or other person similarly situated. The provisions of this Section shall not apply to actions governed by [La.] R.S. 12:1-622, 1-833, 1-1407, or 1328(C).

. . .

4

2. The trial court erred in granting Stranco, LLC's exception of prescription.

3. The trial court erred in granting Stranco, LLC's exception of no cause of action since a current member and/or shareholder has a cause of action against the company for its breaches of the duties it owes to him.

4. The trial court erred in granting Stranco, LLC's exception of no right of action since a current member and/or shareholder has a right of action against the company for its breaches of the duties it owes him.

5. The trial court erred in not granting Mr. Easterling leave of court to amend his petition before dismissing it with prejudice.

## STANDARD OF REVIEW

Although these two exceptions are often confused or improperly combined, the peremptory exceptions of no right of action and no cause of action are separate and distinct. La. C.C.P. art. 927(A)(5) and (6); *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612 (La. 3/17/06), 929 So.2d 1211, 1216. The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Reyer v. Milton Homes, LLC*, 2018-0580 (La. App. 1 Cir. 2/25/19), 272 So.3d 604, 607. The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition and whether the plaintiff is a member of the class of persons who has a legal interest in the subject matter of the litigation. *Badeaux*, 929 So.2d at 1217. The *de novo* standard of review applies to the trial court's ruling sustaining the peremptory exceptions of no cause of action and no right of action. *LeBlanc v. Alfred*, 2015-0397 (La. App. 1 Cir. 12/17/15), 185 So.3d 768,

---

C. No action for damages against any person described in Subsection A of this Section for an unlawful distribution, return of an unlawful distribution, or for breach of fiduciary duty, including without limitation an action for gross negligence ... shall be brought unless it is filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act, omission, or neglect.

773. However, when evidence is introduced to support or controvert an exception of no right of action, the trial court's factual findings are reviewed under the manifest error-clearly wrong standard of review. *State ex rel. Caldwell v. Molina Healthcare, Inc.*, 2018-1768 (La. 5/8/19), 283 So.3d 472, 477.

## DISCUSSION

The review of an exception raising the objection of no right of action begins with an examination of the pleadings. *Howard v. Administrators of Tulane Educational Fund*, 2007-2224 (La. 7/1/08), 986 So.2d 47, 60. Mr. Easterling alleges in his petition that he is a holder of stock in Stranco, Inc., which was later converted into Stranco, LLC, and that the stock certificate was manually delivered to him by Mr. Strain, who was the purported sole shareholder at that time. Mr. Easterling attached exhibits to his petition which facially establish him as the holder of one share of stock in Stranco, Inc., which was endorsed by Mr. Strain's signature.

Where a shareholder alleges a breach of fiduciary duty that causes a direct loss to the shareholder, that shareholder may have the right to sue individually. *Palowsky v. Premier Bancorp, Inc.*, 597 So.2d 543, 545 (La. App. 1 Cir. 3/6/92). Mr. Easterling has made such an allegation in his petition. Since Mr. Easterling established from the face of his petition that he was a member of the class of persons who has an interest in the subject matter of the litigation, Stranco, LLC was then permitted to introduce evidence to controvert the pleadings on the trial of the exception, and Mr. Easterling could introduce evidence to controvert Stranco, LLC's objections. See La. C.C.P. art. 931; *Howard*, 986 So.2d at 59-60.

At the hearing on the herein exceptions, Mr. Easterling submitted the matter on his brief, which included an affidavit of Mr. Easterling that essentially reiterated the allegations of his petition. Stranco, LLC introduced numerous exhibits without

6

objection by Mr. Easterling. In particular, Stranco, LLC introduced the affidavit of Betty B. Strain, widow of Mr. Strain and former secretary of Stranco, Inc. Mrs. Strain attested that Stranco, Inc. had never issued any shares of stock to Mr. Easterling, but if it had, Mr. Easterling would have been only a .01% shareholder in Stranco, Inc. Stranco, LLC also introduced the agreement between Mr. Easterling and Mr. Strain, in which Mr. Easterling had agreed to serve as the "qualifying party" under La. R.S. 37:2156.1, et seq. in consideration of the donation of one share of stock. Another exhibit of note is a document filed with the St. Tammany Parish Clerk of Court, which references a record search of the Louisiana Contractor's Board, that indicates Mr. Easterling was not listed as a "qualifying party" for Stranco, Inc.

While La. C.C.P. art. 931 provides for evidence to be introduced on a trial of an exception of no right of action "when the grounds thereof do not appear from the petition," we find no instruction either in statute or jurisprudence that would put the burden on the district court to curtail the introduction of evidence should the court believe that the petition provides sufficient basis for a finding that a plaintiff has an interest in judicially enforcing the right asserted. Based on the exhibits introduced at the hearing, there is insufficient evidence that Mr. Easterling met the requirements of a "qualifying party," which would indicate that he in fact was the registered holder of stock in Stranco, Inc.

While Mr. Easterling did allege that he was the holder of a stock certificate issued to him by Mr. Strain, Stranco, LLC alleged that he was paid in full for his work and was never a "qualifying party." This is evidenced by the letter from counsel for Stranco, LLC dated December 14, 2018, to which Mr. Easterling neither objected nor controverted with his own evidence. Thus the letter, which would have otherwise constituted hearsay, may be considered by the trial court and

7

given probative effect. See *LaHaye v. Allstate Ins. Co.*, 570 So.2d 460, 467 (La. App. 3 Cir. 1990), writ denied, 575 So.2d 391 (La. 1991).

Mr. Easterling's two statements contradict each other. According to his agreement with Mr. Strain, the stock certificate would only have been issued to Mr. Easterling in consideration for his work on behalf of Stranco, Inc. The stock certificate would not have been issued to him if he had instead been paid in full for doing the same work.

Conversely, the evidence presented by Stranco, LLC presents no contradictions. Its evidence indicates that the business records of Stranco, Inc., which became the business records of Stranco, LLC, do not show that Mr. Easterling was a registered shareholder of Stranco, Inc. Furthermore, contrary to his allegations, Mr. Easterling has not established that he was a shareholder of at least five percent of the shares in Stranco, Inc., which would entitle him to inspect and copy the business records of either Stranco, Inc. or Stranco, LLC as provided by La. R.S. 12:1-1602(C), which states, in pertinent part:

> A shareholder of at least five percent of any class of the issued shares of a corporation for at least the preceding six months is entitled to inspect and copy, during regular business hours at a reasonable location specified by the corporation, any and all of the records of the corporation... and gives the corporation a signed written notice of the shareholder's demand at least five business days before the date on which the shareholder wishes to inspect and copy the records. A shareholder of less than five percent of a corporation's issued shares may exercise the rights provided in this Subsection if the shareholder delivers to the corporation, either before or along with the written notice of demand, written consents to the demand by other shareholders who, in the aggregate with the shareholder making the demand, own the required percentage of shares for the required period.

Mr. Easterling has not established compliance with La. R.S. 12:1-1602(C). For all the aforementioned reasons, Mr. Easterling has failed to provide sufficient evidence of a right of action against Stranco, LLC. The fourth assignment of error lacks merit.

8

Because we affirm the trial court's judgment maintaining the exception of no right of action, we pretermit consideration of assignments of error one[5] and two, which deal with the peremptory exception raising the objection of prescription, and assignment of error three, which concerns the peremptory exception raising the objection of no cause of action.

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. La. C.C.P. art. 934. The decision to allow amendment is within the sound discretion of the trial court. *LeBlanc*, 185 So.3d at 777.

In the instant case, the trial court did not afford Mr. Easterling an opportunity to amend his petition to cure any defect as to the stating of a right of action. Mr. Easterling's petition facially established a right of action, but that showing was successfully controverted by Stranco, LLC through its own submitted exhibits and affidavits. If the pleadings fail to disclose a right of action, the claim may be dismissed without evidence, but the plaintiff should be permitted to amend to state a right of action if he can do so. *Howard*, 986 So.2d at 59. Mr. Easterling's pleadings did disclose a right of action, and his claim was dismissed after an evidentiary hearing. Therefore, Mr. Easterling is not entitled to amend his petition to state a right of action, and the trial court was within its discretion to deny Mr. Easterling that opportunity. The fifth assignment of error lacks merit.

---

[5] We note that the trial court apparently did not apply La. R.S. 12:1502 to the instant case.

## DECREE

The judgment of the Twenty-Second Judicial District Court, which dismissed the claims of the appellant, Alvin O. Easterling, with prejudice, is affirmed. All costs of this appeal are assessed to Mr. Easterling.

**AFFIRMED.**