# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2023 CA 0012

## SATCO, INCORPORATED

## VERSUS

## PROFESSIONAL APPLICATION SERVICES, INC. AND SURETEC INSURANCE COMPANY

*DATE OF JUDGMENT:* **OCT 1 9 2023**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT,
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 697203, SECTION 23

HONORABLE KELLY BALFOUR, JUDGE

* * * * * *

| | |
|---|---|
| Andrew G. Vicknair<br>Ashley B. Robinson<br>Adrian A. D'Arcy<br>Christopher D. Joseph<br>Peter Raymond Graffeo<br>New Orleans, Louisiana | Counsel for Plaintiff-Appellant<br>SATCO, Incorporated |
| Edwin Allen Graves, Jr.<br>David Carlyle Voss<br>David Warren Carley<br>Baton Rouge, Louisiana | Counsel for Defendants-Appellees<br>Professional Application Services, Inc.<br>and United States Fire Insurance<br>Company |
| R. Gray Sexton<br>Blane A. Wilson<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>Suretec Insurance Company |

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: **REVERSED AND REMANDED.**

**CHUTZ, J.**

Plaintiff-appellant, SATCO, Incorporated (SATCO), appeals the trial court's judgment, sustaining peremptory exceptions objecting on the basis of no cause of action and no right of action raised by defendant-appellee, Suretec Insurance Company (Suretec), and dismissing with prejudice SATCO's claims against Suretec under the Louisiana Public Works Act (LPWA).[1] We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

NCMC, LLC (NCMC) entered into a contract with the City of Baton Rouge and Parish of East Baton Rouge (the City/Parish) in which NCMC agreed to perform construction services on the public works project SWWTP Primary Settling Tanks Protective Coating (the project). Suretec was the surety that issued a payment bond for principal, NCMC, the project general contractor, in favor of obligee, the City/Parish, the project owner (the statutory payment bond).

NCMC entered into a subcontract with Professional Application Services, Inc. (PASI), who agreed to perform services for the project. PASI entered into a sub-subcontract with SATCO to perform construction services and labor for the project.

A payment dispute arose between PASI and SATCO. As a result, SATCO filed a sworn statement of amount due (lien claim) into the East Baton Rouge Parish mortgage records, which was recorded on May 26, 2020. SATCO subsequently instituted this lawsuit on June 18, 2020, naming PASI and Suretec as defendants. PASI answered the lawsuit and asserted a reconventional demand against SATCO. Effective July 1, 2020, SATCO voluntarily cancelled the inscription of the May 26, 2020 lien claim filed in the East Baton Rouge Parish mortgage records.

---

[1] See La. R.S. 38:2241-2249.

2

SATCO filed a second sworn statement of lien claim, which was recorded into the East Baton Rouge Parish mortgage records on August 26, 2021. On September 22, 2021, PASI deposited into the East Baton Rouge Parish mortgage records a release of lien bond, issued by surety U.S. Fire Insurance Company (USFI) guaranteeing payment of SATCO's lien claim and naming PASI as principal and the City/Parish as obligee (the ROL bond). The Clerk and Recorder of Court for the Parish of East Baton Rouge issued a cancellation of encumbrance, which cancelled the inscription/recordation of the August 26, 2021 lien claim filed by SATCO, noting that the ROL bond was placed in lieu of the lien. SATCO subsequently filed an amended petition, which added USFI as a defendant, restated its original allegations, but set forth the August 26, 2021 statement of claim as the basis for its assertion of a lien claim on the project.

On March 14, 2022, Suretec filed peremptory exceptions of no cause of action and no right of action, claiming entitlement to dismissal from SATCO's lawsuit. After a hearing, the trial court ruled in favor of Suretec. On September 29, 2022, the trial court signed a judgment, sustaining the exceptions of no cause of action and no right of action and dismissing Suretec from the lawsuit with prejudice. SATCO appeals.

## DISCUSSION

The objections of no cause of action and no right of action are "separate and distinct" under Louisiana law. The objection that a petition fails to state a cause of action is properly raised by the peremptory exception of no cause of action. See La. C.C.P. art. 927(A)(5). The objection that a particular plaintiff has no right to assert the cause of action raised is properly brought through the peremptory exception of no right of action. *LeBlanc v. Alfred*, 2015-0397 (La. App. 1st Cir. 12/17/15), 185 So.3d 768, 773. See La. C.C.P. art. 927(A)(6).

3

The peremptory exception of no cause of action questions whether the law affords any relief to the plaintiff if the plaintiff proves the factual allegations in the petition and annexed documents at trial. For purposes of determining the issues raised by the exception of no cause of action, all well-pleaded facts in the petition must be accepted as true. Ordinarily, no evidence may be introduced to support or controvert the exception of no cause of action. *LeBlanc*, 185 So.3d at 773. See La. C.C.P. art. 931.

The purpose of the peremptory exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Evidence is admissible on the trial of an exception of no right of action to support or controvert the objections pleaded when the grounds for the objection do not appear in the petition. *LeBlanc*, 185 So.3d at 774. See La. C.C.P. art. 931.

The de novo standard of review applies to the trial court's ruling, sustaining peremptory exceptions of no cause of action and no right of action. Thus, appellate review of the trial court's rulings on exceptions of no cause of action and no right of action involves determining whether the trial court was legally correct in sustaining the exceptions. *LeBlanc*, 185 So.3d at 773.

Under the LPWA, whenever a public entity enters into a contract in excess of twenty-five thousand dollars per project, the public entity shall require of the general contractor a bond with a good, solvent, and sufficient surety in a sum of not less than fifty percent of the contract price for the payment by the subcontractor to claimants. See La. R.S. 38:2241(A)(2). A claimant includes any person to whom money is due pursuant to a contract with a subcontractor for doing work, performing labor, or furnishing materials or supplies for the construction of any public work. La. R.S. 38:2242(A).

4

Any claimant may, after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority or of notice of default of the subcontractor, file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done. La. R.S. 38:2242(B).

For purposes of the exceptions, Suretec does not challenge SATCO's status as a claimant and acknowledges that SATCO complied with the provisions of the LPWA by filing a statement of lien claim against subcontractor PASI. But Suretec points to the provisions of La. R.S. 38:2242.2 to support its assertion that SATCO does not have either a cause of action or a right of action against Suretec as a matter of law. According to La. R.S. 38:2242.2:

> A. If a statement of claim or privilege is filed, any interested party may deposit with the recorder of mortgages either a bond of a lawful surety company authorized to do business in the state or cash, certified funds, or a federally insured certificate of deposit to guarantee payment of the obligation secured by the privilege or that portion as may be lawfully due together with interest, costs, and attorney's fees to which the claimant may be entitled up to a total amount of one hundred twenty-five percent of the principal amount of the claim as asserted in the statement of claim or privilege. A surety shall not have the benefit of division or discussion.
>
> B. **If the recorder of mortgages finds** the amount of the cash, certified funds, or certificate of deposit or **the terms and amount of a bond deposited with him to be in conformity with this Section, he shall** note his approval on the bond and make note of either the bond or of the cash, certified funds, or certificate of deposit in the margin of the statement of claim or privilege as it is recorded in the mortgage records and **cancel the statement of claim or privilege from his records** by making an appropriate notation in the margin of the recorded statement. The bond shall not be recorded but shall be retained by the recorder of mortgages as a part of his records. [Emphasis added.]

Suretec maintained that because USFI issued the ROL bond in favor of PASI, which conformed to the requirements of La. R.S. 38:2242.2(A), and the recorder of mortgages for the Parish of East Baton Rouge cancelled SATCO's lien

5

claim pursuant to La. R.S. 38:2242.2(B), SATCO's right of action was extinguished as a matter of law, and Suretec was relieved of any liability or obligation to SATCO. In light of its role as the surety issuing the statutory payment bond required of NCMC, Suretec reasoned that no privity of contract exists between SATCO and Suretec's principal, NCMC, and SATCO's sole basis for recovery, which was under the LPWA, was extinguished by operation of law with the filing of the ROL bond and acceptance of the bond by the recorder of mortgages. Thus, SATCO lost any right of action it had against Suretec. Surtec contended that SATCO's petition failed to state a cause of action because, by operation of law, with the issuance of the ROL bond and the cancellation of the lien claim by the recorder of mortgages pursuant to La. R.S. 38:2242.2, SATCO is unable to allege a recorded lien claim is pending against PASI.

In *L&A Contracting Co. v. State Through Dep't of Transp. & Dev.*, 2022-1301 (La. App. 1st Cir. 8/16/23), --- So.3d ----, 2023 WL 5281846, this court addressed the extinguished-by-operation-of-law assertion Suretec presently advances. Before the court therein was the lien of a claimant who brought an action against the general contractor and the statutory payment bond surety in a public construction project under the Louisiana DOTD Public Works Act (DOTD PWA).[2] *L&A Contracting Co.*, --- So.3d at ----, 2023 WL 5281846, at *1-3. Noting the similarities between the requirements and procedure of the DOTD PWA and the LPWA, see *L&A Contracting Co.*, --- So.3d at ---- n.18, 2023 WL 5281846, at *11 n.18, this court concluded the nearly identical procedure for the furnishing of a ROL bond and the cancellation of the lien claim by the recorder of the mortgages

---

[2] See La. R.S. 48:256.3 through 48:256.12.

under the DOTD PWA[3] did not expressly provide that the statutory payment bond[4] would be cancelled or otherwise rendered null when a ROL bond was deposited. This court pointed out that nothing in the language of the DOTD PWA indicated the legislature intended to release the statutory payment bond surety from the litigation and that the clear and unambiguous wording of the DOTD PWA statute, which provided for the filing of the ROL bond or other security and the cancellation of the statement of lien claim, stated only that the statement of claim or privilege would be cancelled. *L&A Contracting Co.*, --- So.3d at ----, 2023 WL 5281846, at *11.

This court in *L&A Contracting Co.*, --- So.3d at ----, 2023 WL 5281846, at *11, explained:

> If the legislature intended for a [ROL] bond ... to cancel the statutory payment bond ..., it could have expressly stated this in the statutory provisions. However, it did not. We have found nothing in the [DOTD PWA], or in case law interpreting and applying the Act, to support the [general contractor's and the statutory payment bond surety's] argument. Consequently, the statutory payment bond ... remained viable after [the general contractor] deposited [the ROL] bond and, therefore, [the statutory payment bond surety] may be liable for payment of the outstanding amount owed to [claimant].

Relying on *Woodrow Wilson Construction, LLC v. Amtek of Louisiana, Inc.*, 2017-1156 (La. App. 1st Cir. 8/6/18), 256 So.3d 305, 311, this court further explained that statutes like the DOTD PWA and the LPWA are intended to protect laborers and suppliers of materials on public works and that this objective is accomplished by requiring a statutory payment bond, which serves as an additional fund or security to assure that those who perform work on public projects receive payment for their work in the event of a contractor's inability to fulfill its payment obligations, thereby insuring against unpaid claims from parties supplying labor and materials for the construction of public works. Therefore, this court concluded

---

[3] See La. R.S. 48:256.7.

[4] See La. R.S. 48:256.3.

7

that finding the statutory payment bond was no longer in effect or was cancelled by operation of law when a ROL bond was deposited and the statement of claim or privilege is cancelled is contrary to the purpose of protecting claimants and would deprive laborers and suppliers of materials of a statutorily provided protection and source of recovery. *L&A Contracting Co.*, --- So.3d at ----, 2023 WL 5281846, at *12.

Like the panel in *L&A Contracting Co.*, --- So.3d at ----, 2023 WL 5281846, at *10-11, which looked to the statute explaining how the DOTD PWA is to be construed,[5] we look to the provisions of La. R.S. 38:2247, which direct, "Nothing in [the LPWA] shall be construed to deprive any claimant, as defined in [the LPWA] and who has complied with the notice and recordation requirements of R.S. 38:2242(B), of his right of action on the ROL bond furnished pursuant to [the LPWA]."[6] Since the bond described in La. R.S. 38:2242.2(A) is not statutorily required but is an option that may be utilized by an "interested party" to cancel the lien, we find that La. R.S. 38:2247 necessarily refers to the statutory payment bond required by La. R.S. 38:2241(B). See *L&A Contracting Co.*, --- So.3d at ---- n.19, 2023 WL 5281846, at *11 n.19, relying on *D & J Construction Co. v. Mid-*

---

[5] See La. R.S. 48:256.12.

[6] La. R.S. 38:2247 further provides:

> [B]efore any claimant having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall in addition to the notice and recordation required in R.S. 38:2242(B) give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner of the work or notice by the owner of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office in the state of Louisiana. [Emphasis added.]

For purposes of these exceptions, because Suretec does not dispute that SATCO -- a claimant which has a direct contractual relationship with subcontractor PASI but no contractual relationship with general contractor NCMC -- has complied with all notice and recordation requirements under the LPWA, we presume SATCO has complied with the provisions of La. R.S. 38:2247.

8

*Continent Stone Co.*, 571 So.2d 762, 765 (La. App. 1st Cir. 1990) ("The giving of the [ROL] bond is at the option of the contractor or owner and stands for the lien.").

Accordingly, because (1) the clear and unambiguous language of La. R.S. 38:2242.2(B) fails to provide that the depositing of the ROL bond (or other security) and the cancellation of statement of a lien claim by the recorder of mortgages will release the statutory payment bond surety; (2) La. R.S. 38:2247 directs that nothing in the LPWA shall be construed to deprive any claimant of its right of action on the statutory bond; and (3) the LPWA's policy objective of protecting laborers and suppliers of materials on public works, in conformity with this court's holding in *L&A Contracting Co.*, --- So.3d at ----, 2023 WL 5281846, at *11-12, we conclude that Suretec has not been released from its statutory bond obligations to SATCO with the deposit of the ROL bond by PASI and the cancellation of the statement of lien claim by the recorder of mortgages pursuant to La. R.S. 38:2242.2. Thus, SATCO's petition has stated a cause of action and SATCO has a right of action, and the trial court erred in sustaining the exceptions and dismissing Suretec from SATCO's lawsuit.

## DECREE

For these reasons, the trial court's judgment, sustaining the peremptory exceptions raising the objections of no cause of action and no right of action and dismissing Suretec from SATCO's lawsuit, is reversed. This matter is remanded for further proceedings. Appeal costs are assessed against defendant-appellee, Suretec Insurance Company.

**REVERSED AND REMANDED.**